MORRIS v. WAYNE CIRCUIT JUDGE.

1. PARTITION OF LANDS IN CHANCERY—PLACE OF SALE.
    In partition proceedings in chancery, where the lands are situate in different counties, the court may direct a sale to be made in the county where the decree is rendered.

2. SAME—NOTICE OF SALE.
    Section 11063, 3 Comp. Laws, requires such notice of a partition sale in chancery proceedings as must be given by sheriffs on execution sales, but does not provide where the sale may take place.

*Mandamus* by James Morris to compel Joseph W. Donovan, circuit judge of Wayne county, to order the return of a down payment on a sale in partition proceedings. Submitted February 24, 1902. (Calendar No. 19,220.) Writ denied April 8, 1902.

*Walter Barlow*, for relator.

*Lucius H. Collins*, for respondent.

MONTGOMERY, J. The sole question presented in this case is whether, in a proceeding for a partition of lands, the circuit court in chancery having jurisdiction of the subject may, where the lands in question are situated in

different counties, direct a sale of all the land in the county where the court sits. The statutes bearing upon this subject are 3 Comp. Laws, §§ 11014, 11045, 11063, and 11068. Section 11014 provides, among other things, that:

"In case such lands are situated in different counties, the suit may be instituted in the circuit court for any one of the counties in which any part of such lands may be situated, and such court shall have complete jurisdiction in the premises, as fully and effectually as if the whole of such lands were situated in the county in which the suit is instituted."

Section 11045 provides that:

" If the commissioner to whom reference shall be made * * * shall report to the court that all the lands or tenements of which division and partition is sought are so situated, or that any district, tract, lot, or portion thereof is so situated, that a partition and division thereof amongst the persons interested therein cannot be made without great prejudice to the owners, and if the court shall be satisfied that such report is just and correct, the court may thereupon make an order that the commissioner sell the premises so situated at public auction to the highest bidder."

Section 11068 provides that "such conveyances, so executed, shall be recorded in the county where the premises are situated."

It will be seen that there is no express provision as to where these lands shall be sold; but the provisions quoted would seem, by clear implication, to authorize the sale in the county where the proceeding is launched; and this is not against the policy of the law, for in foreclosure cases, where lands are situated in different counties, the sale takes place in the county where the decree is rendered. 1 Comp. Laws, § 522.

It is insisted by relator, however, that section 11063 requires the sale to be had in the same manner as is required by law on sales of real estate by sheriffs on execution. This section reads as follows:

" The master shall give *notice* of any sale to be made

by him for the same time and in the same manner as is required by law on sales of real estate by sheriffs on execution."

This section cannot be construed as providing a place where the sale may take place, or as affecting in any way the manner of sale. It distinctly relates to the subject of notice, and requires such notice as is required to be given by sheriffs on execution sales.

We think the statute as a whole, and by clear implication, authorizes the sale that was made in this case, and the writ will be denied, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.