STREMPEK v. FIRST NATIONAL BANK—DETROIT.

Mortgages—Moratorium—Tender for Redemption.
    Holder of mortgagor's interest who failed to tender any amount to redeem from foreclosure sale until amended bill was filed after expiration of period for redemption as extended by moratorium proceedings made tender too late as the right to redeem was then extinct and absolute title vested in the mortgagee (Act No. 98, Pub. Acts 1933, as amended).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 17, 1940. (Docket No. 96, Calendar No. 41,036.) Decided June 3, 1940.

Bill by Walter Strempek against First National Bank-Detroit, and B. C. Schram, receiver, for moratorium relief on mortgage foreclosure. On amended bill to determine amount due for redemption. From decree rendered, defendants appeal. Reversed.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*Robert S. Marx, Lawrence I. Levi, Frank M. Wiseman,* and *Thomas L. Conlan,* for defendants.

Chandler, J. The stipulation filed in this cause shows that on September 13, 1927, one Max Shulman and wife executed a promissory note, secured by a real estate mortgage in the amount of $5,000, said mortgage covering property located in the city of Detroit. Thereafter, the property was deeded to plaintiff and his wife, who assumed and agreed to pay the mortgage, which was subsequently assigned to the defendant bank.

The mortgage became in default, foreclosure was instituted, and on August 13, 1935, a foreclosure sale

was held, the amount due on the mortgage on that date being the sum of $6,779.33. At the sale, the mortgagee bank bid $4,000, a sheriff's deed was issued and recorded, the expiration of the statutory period of redemption being thereby fixed to occur on August 13, 1936. Subsequently, the period of redemption was extended to November 1, 1938, by decree of the court under the provisions of the mortgage moratorium statute upon the filing of a bill of complaint by plaintiff. See Act No. 98, Pub. Acts 1933, as amended.

During such extended period, defendant paid the city of Detroit the sum of $999.04, representing a street-widening assessment which had been levied against the property, the mortgage, by virtue of its provisions, becoming security for this additional amount. On September 19, 1938, the sum so paid to the city was refunded by the common council and paid to defendants.

On or about October 27, 1938, the parties discussed the question of redemption, and it appears that at that time plaintiff claimed he was entitled to be credited on the amount necessary to redeem with the sum of the refunded taxes. Defendants claimed that this amount should be applied on the deficiency created by the foreclosure and that plaintiff had no right to have the same applied toward redemption.

It clearly appears from the stipulated facts that although a discussion relative to redemption took place, no tender of any amount toward redemption was at any time made by plaintiff.

On December 10, 1938, plaintiff filed his amended bill of complaint herein, praying that the court find the amount necessary for him to pay to redeem to be the sum of $3,296, which sum represented the amount of the bid at the foreclosure sale and interest, less sums paid by plaintiff in compliance with the

provisions of the moratorium decree and the amount of the refunded tax.  The amended bill further prayed that upon payment of the sum of $3,296, redemption be decreed.  Such a decree was entered on November 7, 1939, and defendants have appealed.

As we have heretofore stated, the parties discussed the question of redemption and a dispute existed between them as to the amount necessary for plaintiff to pay to redeem the premises.  At no time, however, did he tender the amount he claimed to be due or any other amount until the filing of the amended bill of complaint, which was subsequent to the expiration of the statutory redemption period as extended by the moratorium decree.

The tender in the bill of complaint came too late. If plaintiff desired to preserve his rights, a tender should have been made while the statutory period was still running, *Burley* v. *Flint,* 105 U. S. 247, because thereafter the right to redeem became extinct and absolute title vested in the mortgagee. *Moore* v. *Muskegon Trust Co.,* 286 Mich. 21.

If it subsequently appeared that plaintiff was correct in his claim as to the amount necessary to redeem, had tendered the same and that the mortgagee had refused to accept, he could have obtained relief and protection of his rights.  See *Eberle* v. *Sambab,* 248 Mich. 508.  However, according to the agreed statement of facts, he failed to do so and whatever right to redeem he may have had was lost when the redemption period expired.

It is unnecessary to discuss the. other question raised as to the proper amount required to redeem in view of the foregoing.

The decree is reversed, with costs to defendants.

Bushnell, C. J., and Sharpe, Potter, North, Mc-Allister, Wiest, and Butzel, JJ., concurred.