MODERN GLOBE, INC., v. 1425 LAKE DRIVE CORPORATION.

1. CORPORATIONS—AUTHORITY OF AGENT—OFFER.

A condition in corporation's written offer to purchase land that approval of the stockholders of the offeror would be required, together with verbal statements of like import, *held*, adequate notice to the offeree of the actual scope of the authority of the offeror's agent who conducted the negotiations for the purchase of the property.

2. PRINCIPAL AND AGENT—APPARENT AUTHORITY OF AGENT.

The apparent or implied authority of an agent cannot be so extended as to permit him to depart from the usual manner of what he is employed to effect, nor can he enlarge his powers by unauthorized representations and promises.

3. SAME—ACTION OF AGENT BEYOND APPARENT AUTHORITY.

The principal is not bound, where the agent exceeds the scope of his apparent authority and his want of authority is known, or should be known, to the person dealing with him.

4. CONTRACTS—CONDITIONS—PERFORMANCE.

Generally in contracts, when reference is made to conditions, what is meant are conditions which become operative after formation of the contract and qualify the duty of immediate performance of a promise or promises thereunder, not conditions which qualify the existence of a contract or promise.

5. SAME — CORPORATIONS — RATIFICATION BY STOCKHOLDERS — CONDITIONS.

Proposed acceptance of corporation's offer to purchase land did not effect a binding contract, where the offer specifically provided that it was conditional on ratification and approval by the offeror's stockholders at a meeting to be held not later than a specified date and the condition was never fulfilled, whether the condition be construed as a requirement which had to be met before a contract came into existence or became operative after formation of the contract and qualified the offeror's duty of immediate performance thereunder.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur, Corporations § 943.
[2, 3] 2 Am Jur, Agency § 103.
[5, 6] 12 Am Jur, Contracts §§ 296, 297.
[7] 19 Am Jur, Equity § 450.
[8] 13 Am Jur, Corporations § 969.

6. SAME—CONSTRUCTION OF CONDITIONS—CORPORATIONS—RATIFICA-
TION BY STOCKHOLDERS.

   The construction of a condition in corporation's offer to purchase
   land that the offer, after acceptance, was specifically condi-
   tional on ratification and approval by the stockholders of the
   purchaser at a meeting to be held not later than a given date
   as effecting an implied promise on the part of the defendant
   to have a stockholders' meeting and the failure to hold such
   meeting did not establish the offeree's right to relief of specific
   performance, where the stockholders of the sole stockholder of
   corporate offeror did hold a meeting on the specified date
   and rejected the proposed purchase.

7. EQUITY—MAXIMS.

   The law does not require the doing of a useless act.

8. CORPORATIONS—DIRECTORS—STOCKHOLDERS—CONDITIONS IN CON-
TRACTS.

   Provision of general corporation act that the affairs of a cor-
   poration should be managed by the directors and not the
   shareholders would not prevent the directors from attaching
   a valid condition to a written offer to purchase real estate
   that such offer would not be binding upon acceptance by
   the offeree unless ratified and approved by the stockholders of
   offeror (CL 1948, § 450.13, as amended by PA 1949, No 229).

Appeal from Kent; Verdier (Leonard D.), J. Sub-
mitted June 16, 1954. (Docket No. 81, Calendar No.
46,199.) Decided October 4, 1954.

Bill of complaint by Modern Globe, Inc., a corpo-
ration, against 1425 Lake Drive Corporation for
specific performance of contract to purchase real
estate. Bill dismissed. Plaintiff appeals. Affirmed.

*Uhl, Bryant, Slawson & Wheeler,* for plaintiff.

*Lokker, Den Herder & Boter,* for defendant.

BOYLES, J. Plaintiff filed a bill of complaint in
chancery for specific performance of a claimed land
contract between plaintiff Modern Globe, Inc., as
vendor, and 1425 Lake Drive Corporation, as pur-

chaser and vendee. Defendant is a wholly-owned subsidiary of Grand Rapids Storage Company, the officers and directors of both the parent and subsidiary corporations being the same. Apparently this litigation arises from confusing the fact that the defendant corporation had only one stockholder, i.e., the Grand Rapids Storage Company, which corporation had a number of stockholders.

Plaintiff owned certain parcels of real estate which it was not using and which it desired to sell. It engaged the services of one Joseph Hertel as its agent to procure a purchaser. He showed certain parcels to one John Borgman who is secretary-treasurer of defendant 1425 Lake Drive Corporation and a member of its board of directors. Borgman had certain preliminary negotiations with plaintiff's agent Hertel which he reported to his, the defendant's, board of directors. At a meeting held April 22, 1953, defendant's directors adopted a resolution that it should, by its agent Borgman, offer plaintiff not to exceed $75,000 as the purchase price for the real estate which is the subject matter of the claimed contract giving rise to this litigation. Defendant's directors further resolved that their offer should contain a condition that the purchase must be ratified by the stockholders of the defendant (purchasing) corporation.

On April 27, 1953, Borgman for the defendant purchaser signed an offer to purchase which contained the following provision:

"This offer, after acceptance, is specifically conditional on ratification and approval by the stockholders of the purchasing corporation at a meeting to be held not later than May 12, 1953."

The offer was submitted to Hertel, plaintiff's agent, and later by him to Teich, an officer of plaintiff. The same or following day Hertel returned to

Borgman and stated that because of the before-mentioned condition the offer was not acceptable to plaintiff. Borgman had previously informed Hertel that he was confident the stockholders would approve the purchase. Hertel therefore requested that he come with him to Teich's office and explain the situation, which was done. At this conference Hertel, Borgman and Teich were present. Borgman informed Teich that the defendant's directors had considered the matter, were in favor of the purchase, that he was confident the stockholders would approve. Hertel then stated that the condition requiring approval of the stockholders of the defendant did not mean much and struck it from the offer by drawing lines through it. He then gave the offer to Teich who signed it for plaintiff, and then gave it to Borgman and requested him to initial the deletion he (Hertel) had made. This was done. Although there is some dispute as to the date that Teich signed the offer, it was probably on April 28, 1953. At that time Teich did not know that the only stockholder of the defendant was the Grand Rapids Storage Company.

On May 12, 1953, a special meeting of the stockholders of the Grand Rapids Storage Company was held. They were notified of said proposed purchase of real estate and were asked to vote as to whether the transaction should be consummated. They rejected the proposal and Hertel was notified of this a day or two later. No stockholders' meeting was held for defendant corporation, and its only shareholder, Grand Rapids Storage Company, rejected the proposed purchase.

It is the plaintiff's claim that the offer to purchase, which was accepted for it by Teich after deletion of the condition requiring approval of defendant's stockholders, constitutes a binding and enforceable contract and it seeks specific performance

thereof.  The trial court held for the defendant and plaintiff appeals.  Several grounds for reversal have been briefed by plaintiff-appellant.  However, decision is controlled by the following question:

Appellant claims that "Mr. Borgman had apparent authority to strike out the condition in the offer to purchase and defendant is estopped to deny such authority."

Appellant relies on *Atlantic Die Casting Co.* v. *Whiting Tubular Products, Inc.,* 337 Mich 414; 13 Am Jur, Corporations, § 1107, p 1034; *MacDonald* v. *Winfield Corporation,* 82 F Supp 929.

In the *Atlantic Die Casting Case,* this Court held that a principal is bound by the apparent authority of its agent.  In that case, however, the party with whom the agent was dealing did not have actual notice of the scope of his authority, and the case is distinguishable from the one at bar on that ground. In the instant case, the condition in the offer that approval of the stockholders of the offeror would be required and the verbal statements made to Teich and Hertel, plaintiff's agents, at the time the condition was deleted from the written offer, that it would be submitted to the stockholders for approval, was adequate notice to plaintiff of the actual scope of Borgman's authority.

"The apparent or implied authority of an agent cannot be so extended as to permit him to depart from the usual manner of accomplishing what he is employed to effect.  Nor can he enlarge his powers by unauthorized representations and promises.  Of course, the principal is not bound where the agent exceeds the scope of his apparent authority and his want of authority is known to the person dealing with him, or if the third person actually knows, or should know, the limitation of the agent's authority."   2 Am Jur, Agency, § 103, p 85.

The *MacDonald Case, supra,* is readily distinguishable by the fact a claimed contract was signed by officers, directors, and voting trustees of a corporation and they were described therein as such. The court held that although the corporation was nowhere mentioned by name in the contract, it might nonetheless be liable thereon.

Considering that the offer made by defendant's agent was conditional upon ratification by defendant's stockholders and that plaintiff, by its agents Teich and Hertel, had notice of this fact, the proposed acceptance by Teich could not create an enforceable contract until fulfillment of the condition. Plaintiff's reliance on a claim of "apparent authority" of Borgman to act for the defendant is negatived by the plain language of the claimed contract, that it was subject to approval by the stockholders.

"In the law of contracts conditions may relate to the existence of contracts or to the duty of immediate performance under them. It is a source of confusion of thought that the word 'condition' is frequently used without exact recognition of what the supposed condition qualifies. Generally in contracts, when reference is made to conditions, what is meant are conditions which become operative after formation of the contract and qualify the duty of immediate performance of a promise or promises thereunder—not conditions which qualify the existence of a contract or promise." 3 Williston on Contracts (Rev ed), § 666, p 1911.

We doubt whether an enforceable contract existed between the plaintiff and defendant. The condition requiring approval of the stockholders of the purchasing corporation might be regarded as a condition the fulfillment of which was a requirement which had to be met or satisfied before a valid contract came into existence. ˙*Creighton* v. *Brown* ˙(D of C), 77 A2d 559; *Empire Plexiglass Corporation*

v. *Enterprise Industries, Inc.*, 76 NYS2d 314. If, on the other hand, the view is adopted that there was an enforceable contract between the parties and the condition contained in the offer to purchase was one which must occur before defendant had any duty to perform, defendant's refusal to comply with the terms of the contract was justified on the ground that the condition was never satisfied, *i.e.*, the stockholders never ratified the purchase.

A third construction which might be placed upon the condition here in question is that it created an implied promise on the part of the defendant to have a stockholders' meeting and submit to them the proposed terms of the purchase agreement. Since no meeting was held, such an implied promise of the defendant was not complied with. This does not, however, establish plaintiff's right to relief. At a directors' meeting held by defendant April 29, 1953, it was resolved that the directors of Grand Rapids Storage Company should be notified to hold a stockholders' meeting of that corporation to ratify or reject the proposed purchase. The stockholders of Grand Rapids Storage Company, which corporation was the sole owner of defendant's stock, at a meeting held May 12, 1953, rejected the proposed purchase. A formal shareholders' meeting of defendant corporation would, therefore, be a mere formality and a useless procedure. The law does not require the doing of a useless act. But it should be emphasized that a stockholders' meeting of the Grand Rapids Storage Company, sole owner of the defendant corporation, was held and rejected the offer.

Appellant argues that the provision which required approval of the shareholders was a nullity on the ground that section 13 of the general corporation law (CL 1948, § 450.13, as amended by PA 1949, No 229 [CLS 1952, § 450.13, Stat Ann 1953 Cum Supp § 21.13]) provides that the affairs of a corpo-

ration shall be managed by the directors and not the shareholders. While it might be considered, *arguendo,* that defendant's directors could legally have contracted for the purchase of said real estate from plaintiff, nevertheless they had the right to attach, and did attach, conditions to their offer. Defendant's obligation to pay plaintiff the agreed purchase price was conditioned on ratification and approval of the transaction by the shareholders of the purchasing corporation. This approval was never forthcoming.

Other questions raised by appellant are necessarily answered by the foregoing.

Affirmed. Costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.