Argued October 26, 1965, affirmed March 23, 1966

HAYS ET UX *v.* HUG ET AL

412 P. 2d 373

*William R. Kirby,* Enterprise, argued the cause and filed a brief for appellants.

*Lorin M. Ricker,* Enterprise, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, LUSK and SCHWAB, Justices.

## McALLISTER, C. J.

This is a suit to foreclose a land sale contract in which defendants appeal from a decree of strict foreclosure.

In January, 1960 the plaintiffs agreed to sell and the defendants agreed to purchase a parcel of real property in Wallowa county, for $26,000, payable part down and the balance in installments. The contract required defendants to pay all real property taxes before they became past due. By November 1, 1964 the defendants had paid $14,000 on the purchase price, but had failed to pay the 1963-64 taxes which were then past due. The defendants failed to pay a $1,000 installment due on November 1, 1964, and other amounts then due for interest and taxes. Mr. Hug told Mr. Hays that he was unable to pay the amounts due, and asked for a 30-day extension. Hays granted an extension only to November 3, and when payment was not made, Hays wrote the defendants declaring the entire balance of the purchase price immediately due and payable, and demanded that it be paid by November 10. The amount due on November 1, was tendered to plaintiffs about November 17, but the tender was refused and this suit for strict foreclosure followed. The trial court decreed foreclosure and gave defendants nine months in which to pay the full amount due.

There is no dispute about the amount due on November 1, 1964 and its non-payment. The contract

contained a standard provision making time of payment of the essence, and if that provision is applicable defendants were in default when the plaintiffs declared the entire balance immediately due and payable. Defendants contend, however, that the time of essence provision was modified by a provision contained in the escrow instructions signed by the parties when they deposited a copy of the contract and a deed to the property in escrow with a bank. The escrow was created in compliance with the contract. The escrow instructions to the bank contained the following provision:

> "(1) You [the bank] are authorized to accept any payments tendered to you to apply upon the above provided installments whether such payment constitutes all or only part of any installment and whether or not it or any installment is then in default; but if any installment shall not be paid to you before the expiration of thirty days after due date thereof you are authorized to surrender to the Sellers or either of them, upon demand of either of them, without any notice to the Buyers or either of them, all documents then in your possession, thereby terminating this escrow. * * *"

■■ There is no doubt that the contract and the escrow instructions were made by the same parties, at about the same time, as a part of the same transaction, and must be construed together as one contract. *Norton v. Van Voorst,* 191 Or 577, 587, 231 P2d 947 (1951); *Lowe v. Harmon,* 167 Or 128, 137, 115 P2d 297 (1941); *Hattrem v. Salmon River Imp. Dist.,* 132 Or 297, 304, 285 P 231 (1930); *Kinney v. Schlussel,* 116 Or 376, 381, 239 P 818 (1925). We think this rule, however, does not help defendants. The provision in the escrow instructions authorizing the bank to accept partial or late payments was obviously for the benefit of the

bank, and was not intended to modify the time of essence clause of the contract which required that all payments be made promptly when due.

■ We find no merit in the defendants' contentions and affirm the decree of foreclosure. The time allowed the defendants by the decree to pay the amounts due the plaintiffs is extended to July 1, 1966.