Argued October 7, affirmed November 26, 1969

PORTER, *Respondent, v.* MEIER CHEV-
ROLET-BUICK, INC., *Appellant.*
461 P. 2d 527

*Robert L. Burns,* Gresham, argued the cause and filed a brief for appellant.

*Roscoe C. Nelson,* Portland, argued the cause for respondent. With him on the brief was Marvin S. Nepom, Portland.

SLOAN, J.

On May 16, 1967, the plaintiff and defendant executed a contract by which plaintiff agreed to buy the assets of defendant corporation. The assets consisted of the various properties of an automobile agency located in Reedsport. Plaintiff paid $5,000 to defendant on that date to bind the agreement. One paragraph of the contract provided:

> "It is agreed between the parties that this agreement shall be binding upon Buyer only at such time as the Chevrolet Division of General Motors shall grant Buyer a selling agreement in Reedsport, Oregon."

On the date the contract was signed plaintiff was confident that he had the financing to complete the transaction and obtain the consent of General Motors to a transfer of the Chevrolet franchise. Shortly thereafter the anticipated financing became unavailable to plaintiff. This made it impossible for him to obtain the Chevrolet franchise. He was obliged, after considerable effort to obtain substitute finances, to inform defendant that he could not obtain the required financing. He asked for the return of his $5,000. When that was refused he filed this action. The trial court, without a jury, found for plaintiff. Defendant appeals.

The defendant contends that there should be implied in the quoted clause of the contract the provision that failure of General Motors to grant the agreement only frees the buyer if General Motors' failure was not caused by buyer's failure to satisfy General Motors.

The trial court interpreted the agreement to mean that buyer would be excused from performance even

if he failed to satisfy General Motors if the buyer acted in good faith. We concur with the trial court's interpretation.

It is necessary to decide therefore, if there is evidence to support the trial court's finding that plaintiff had proceeded in good faith during the negotiation of the contract and in his subsequent effort to fully perform. There was ample evidence that plaintiff had no reason to doubt that his financing was secure when he signed the agreement and that when his anticipated financer withdrew that plaintiff exhausted every other possibility that might have been available to him. There is no evidence to the contrary. When his financing defaulted, there remained no possibility that General Motors would consider granting a franchise to plaintiff. Because of the quoted condition in the contract and plaintiff's inability to obtain the General Motors' consent, despite every good faith effort to meet the financial requirements, plaintiff could not be required to perform. Until the condition was met the contract did not come into operative existence. 5 Williston, Contracts (Jaeger ed) § 666 et seq and particularly *Modern Globe v. 1425 Lake Dr. Corp.,* 1954, 340 Mich 663, 66 NW2d 92, quoted at length in the cited text.

The judgment must be affirmed.