Argued June 5, reversed with instructions July 29, 1970

MEIER, *Appellant, v.* PORTER, *Respondent.*

472 P2d 814

*Robert L. Burns*, Gresham, argued the cause and filed briefs for appellant.

*Roscoe C. Nelson*, Portland, argued the cause for respondent. With him on the brief was Marvin S. Nepom, Portland.

Before O'CONNELL, Chief Justice, McALLISTER, SLOAN, DENECKE, HOLMAN, TONGUE*, and HOWELL, Justices.

HOWELL, J.

Plaintiff brought an action on an indemnity agreement executed by defendant. The trial was conducted before the court without a jury and a judgment entered for the defendant. Plaintiff appeals.

On January 6, 1967, Meier Chevrolet-Buick Inc., an automobile agency in Reedsport, Oregon, was listed for sale with Dean Vincent, Inc., by plaintiff. In March 1967, the defendant contacted plaintiff and indicated an interest in purchasing the agency. He was advised by the plaintiff of the prior listing with Dean Vincent, Inc. On April 4, 1967, plaintiff was notified by Dean Vincent, Inc., that a qualified buyer had signed an earnest money receipt.

---

* Tongue, J., did not participate in the decision of this case.

Plaintiff advised the defendant at his home in Michigan that Dean Vincent, Inc., had located a purchaser and the defendant immediately came to Oregon to conduct further negotiations to purchase the agency.

On May 16, 1967, the plaintiff and defendant entered into two separate agreements. One was a buy and sell agreement whereby the defendant agreed to purchase the automobile agency's assets for $50,000. The agreement contained a clause which stated:

"Paragraph 19: It is agreed between the parties that this agreement shall be binding upon buyer only at such time as the Chevrolet Division of General Motors shall grant buyer a selling agreement in Reedsport, Oregon."

The other instrument signed by defendant was an indemnity agreement holding the plaintiff harmless from any liability to Dean Vincent, Inc., as a result of the prior listing. The indemnity agreement stated:

"Also in consideration of an agreement of even date between the parties relating to the sale of certain assets of seller to buyer, buyer shall and does hereby agree to indemnify and defend and hold seller harmless from and against any and all liabilities, obligations, assessments, suits, actions, proceedings, claims or demands asserted against seller by reason of any claim arising out of the failure of seller to keep and observe the obligations of seller which may exist or which may be claimed to exist by reason of an authorization to sell and owner's statement made to Dean Vincent, Inc. dated January 6, 1967, and in respect of any judgment, damages, losses, costs, expenses and fees (including reasonable attorney's fees) sustained, suffered or incurred by seller on account or by reason of any such matter arising from said authorization to sell and owner's statement made by seller to Dean Vincent, Inc. dated January 6, 1967. The term seller includes Meier Chevrolet-Buick Inc. and

Lawrence Meier, et ux, and Earl Meier, et ux, individually."

The defendant did not receive the selling agreement and approval from General Motors. Later the defendant brought an action against Meier Chevrolet-Buick Inc. to recover the down payment made to plaintiff under the contract to purchase. The trial court found that Porter's failure to secure the consent of General Motors as required by Paragraph 19 of the contract excused the defendant from performance under the contract and that he was entitled to return of the down payment. On appeal to this court we affirmed. *Porter v. Meier Chevrolet-Buick Inc.*, 254 Or 482, 461 P2d 527 (1969).

Dean Vincent, Inc., also filed an action on the listing agreement against Meier Chevrolet-Buick Inc., the plaintiff Lawrence Meier and his brother Earl Meier. A judgment was entered against plaintiff individually for the commission, attorney fees and court costs. A tender of defense to the action brought by Dean Vincent, Inc., was made by plaintiff and refused by defendant who likewise refused to satisfy the judgment taken against plaintiff.

In the instant case the trial court found that the indemnity agreement and the buy and sell agreement were part of the same transaction and as the buy and sell agreement failed, so must the indemnity agreement.

It is true that both agreements, although executed as separate documents, were entered into on the same day, were part of the same transaction, and the indemnity agreement recited that it was "in consideration of" the buy and sell agreement.

Under similar circumstances in *Hays v. Hug*, 243 Or 175, 412 P2d 373 (1966), this court stated the rule that when two agreements are made by the same parties at about the same time and as part of the same transaction they must be construed together as one contract. In that case the purchaser, under a land sale contract which contained a provision making time of payment of the essence of the contract, contended that escrow instructions allowing a bank to accept late payments modified the essence provisions of the contract. However, this court held that the rule was inapplicable and that the two instruments did not constitute one contract because the escrow agreement was for the benefit of the bank and was not intended to modify the time of essence clause in the contract.

In the instant case the purpose of the indemnity agreement was to put the plaintiff into a position where he could enter into a sales agreement with the defendant without fear of loss on his agreement with Dean Vincent, Inc. The defendant knew of the potential liability in the indemnity agreement before signing either agreement. He told plaintiff that he had discussed the liability question with his attorney and because of the favorable price he would be willing to compensate plaintiff for any losses incurred in a suit brought by Dean Vincent, Inc. Both parties realized that plaintiff's liability to Dean Vincent, Inc., accrued when plaintiff rejected the offer from Dean Vincent, Inc., and entered into the sales agreement. This was the liability against which the defendant agreed to indemnify the plaintiff.

■ Although the sales agreement failed because of defendant's inability to secure the approval of General Motors, such failure in no manner affected plaintiff's

original liability under the listing agreement or defendant's agreement to indemnify plaintiff for such liability. The plaintiff was found liable on the listing agreement and this liability was not prevented by the fact that General Motors failed to approve defendant's purchase of the agency.

■ The defendant argues that the plaintiff should be estopped in this case because of the judgment in *Porter v. Meier Chevrolet-Buick Inc., supra,* wherein this court found that Porter was entitled to recover his down payment when the sales agreement failed because of General Motors' refusal to approve the purchase. The principle of collateral estoppel does not apply because no issue was decided in *Porter* which was relevant to the present case.

■ The defendant invokes the rule that the findings of the trial court sitting without a jury should not be disturbed if they are supported by competent substantial evidence. That established principle does not apply here because the facts were undisputed and we are not concerned with findings of fact but with an interpretation of the contract.

The cause is reversed with instructions to enter a judgment for plaintiff.