# Court of Appeals, State of Michigan

# ORDER

Detroit Club Holdings LLC v Jay Edward

Docket No. 340874

LC No. 16-015714-AV

Jane M. Beckering
Presiding Judge

Mark J. Cavanagh

Amy Ronayne Krause
Judges

       The Court orders that the motion for reconsideration is GRANTED, and this Court's for publication opinion issued June 18, 2019 is hereby VACATED. A new unpublished opinion is attached to this order.


/s/ Jane M. Beckering


A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

August 13, 2019
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DETROIT CLUB HOLDINGS, LLC,

        Plaintiff-Appellant,

and

CHARLES SOULE and JEREMY
LANGENDERFER,

        Intervenors-Appellants,

v

JAY EDWARD, a/k/a J. EDWARD KLOIAN,

        Defendant-Appellee.

UNPUBLISHED
August 13, 2019

No. 340874
Wayne Circuit Court
LC No. 16-015714-AV

ON RECONSIDERATION

Before: BECKERING, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff Detroit Club Holdings, LLC (DCH) and intervenors Charles Soule and Jeremy Langenderfer appeal by leave granted the circuit court's order reversing a denial by the district court of a motion for relief from judgment filed by defendant Jay Edward Kloian (Kloian), and vacating the district court's default judgment previously entered against defendant. This matter arises out of summary proceedings for possession of a condominium originally owned by defendant, purchased by DCH at a foreclosure sale, and subsequently re-sold to intervenors. The foreclosure is not at issue in this appeal. Rather, defendant contends that DCH did not provide him with adequate notice of its claim for possession. Based on the unusual facts of this matter and the difficulty we encountered in comprehending the record or the circuit court's ruling, we affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

On April 27, 2010, defendant purchased condominium unit 20 in the Belle Point Estates Condominium by covenant deed. The deed was recorded, and it showed defendant's home address in Ann Arbor, Michigan. Defendant then sold the unit to non-party Aisha Crawford on land contract. Crawford failed to pay property taxes or condominium association dues, as required by the land contract. In October of 2014, the condominium association sent a notice to Kloian at his Ann Arbor address of a lien for unpaid condominium assessments. The association also recorded a notice of the lien, which also listed Kloian's Ann Arbor address. Kloian received the notice, but took no action because he relied on Crawford's assurances that she would pay any outstanding dues. Crawford continued to evade payment. Kloian contends that on March 30, 2016, to avoid tax foreclosure, he paid $8,200.31 on the 2014 delinquent real estate taxes to the Wayne County Register of Deeds. Kloian further contends that after pursuing foreclosure against Crawford, she agreed to vacate the condominium by May 1, 2016, and quit-claim her interest back to Kloian.

However, in the meantime, on March 16, 2016, the Association posted a Notice of a Foreclosure Sale on the condominium and published the notice in the Detroit Legal News. The notice stated an amount owed of $4,950.00 and a Sheriff's sale date of April 21, 2016. No notice was sent to Kloian's Ann Arbor address. Unbeknownst to Kloian, the Sheriff's sale was held as scheduled, and DCH purchased the condominium unit for $45,249.25. That same day, DCH posted a Notice to Inspect at the condominium unit and sent a copy of the notice by certified mail, addressed to the condominium unit. Although Kloian protests the failure to notify him of the sale, he does not challenge the legality of the foreclosure or the foreclosure sale in this action.

DCH contends that on April 27, 2016, it was unable to gain access to the condominium unit when its representative attempted to conduct an inspection. The inspector deemed the property vacant and in damaged condition—a broken window, a damaged garage door, and overgrown grass. Relying on MCL 600.3238(6), DCH then initiated summary proceedings for possession of the property, asserting that Kloian unreasonably refused to allow DCH access to the condominium unit for an inspection and that damage to the property had occurred. On April 28, 2016, DCH mailed a notice of an action for possession to defendant, addressed to him at the condominium unit's address. DCH was aware that the US Postmaster had posted a vacancy notice on the property at that time, indicating that the property was vacant. In May of 2016, DCH recorded a "Sheriff's Deed on Association Dues/Fees Sale" pertaining to the condominium with the Wayne County Register of Deeds, detailing the foreclosure sale of the condominium to plaintiff. DCH searched for Kloian's address on LexisNexis and found the address of the condominium to be Kloian's last known address. DCH did not make any other efforts to discover where Kloian might be found. DCH then mailed a notice to Kloian of Demand for Possession/Health Hazard, again only addressed to him at the condominium unit.

On May 20, 2016, DCH filed a complaint in district court against Kloian, alleging that Kloian remained in possession of the condominium, and asserting that DCH had a right to enter into possession of the condominium pursuant to MCL 600.3238 and MCL 600.5714(1)(d) because Kloian unreasonably refused an inspection by DCH and the property was in damaged condition. The district court addressed a summons to Kloian "and all other [o]ccupants" of the condominium, informing Kloian of DCH's complaint to evict him from the condominium. The summons and the complaint listed Kloian's address as that of the condominium unit. On June 9, 2016, the district court entered a default judgment of possession against Kloian, ordering that

DCH had a right to possession and that Kloian was to be evicted. DCH then recorded an "affidavit of termination of redemption rights" with the Wayne County Register of Deeds. On June 22, 2016, DCH conveyed the property to intervenors for $115,000.00.

Kloian contends that he first learned of the proceedings the next month, when he sent a locksmith to change the locks on the condominium unit. Kloian apparently sent the locksmith because he had a prospective buyer for the property, who had previously tried to view the property but had been unable to gain access. According to Kloian, the locksmith was ordered to leave the property by a person who claimed to have purchased the property. On July 28, 2016, Kloian sent a request to DCH for a calculation of the redemption amount for the property and expressing his intent to redeem the property. DCH did not respond to that request.

On September 1, 2016, Kloian filed a motion for relief from judgment pursuant to MCR 2.612(B), contending, in relevant part, that he had never received notice of any actions against the property, and DCH had constructive notice of his correct address in Ann Arbor because that address had been listed on the 2010 deed. The district court denied Kloian's motion for relief from judgment, finding that DCH provided adequate notice to Kloian. The district court also held that under MCR 2.612(B), personal jurisdiction over Kloian was unnecessary because this was an *in rem* proceeding. Furthermore, the district court stated that there were innocent third-party purchasers, and granting Kloian's motion would be prejudicial to those purchasers. Kloian appealed to the circuit court.

The circuit court held a hearing at which it rendered a somewhat piecemeal bench ruling. The circuit court held that the notice requirements set forth in MCL 600.3238, which addresses the right to inspect property after a mortgage foreclosure sale by advertisement, were inapplicable because no mortgage was involved; however, the circuit court also opined that DCH failed to comply with the notice requirements in that statute. The circuit court noted that "everybody knew" that Kloian did not live at the condominium, yet DCH continued to mail notices to the vacant property and made no further efforts to discover Kloian's whereabouts. The circuit court also found that Kloian had standing to appeal despite having failed to tender a redemption amount pursuant to MCL 559.208(2), which pertains to the foreclosure of condominium liens, because any such tender would have been futile. The circuit court ultimately concluded that MCL 600.3240 and MCL 559.208, when read in conjunction, indicated that Kloian's period to exercise his right of redemption would have been "six months." The circuit court declined to address whether intervenors were subsequent bona fide purchasers without notice.

On April 3, 2018, this Court entered an order granting appellants' application for leave to appeal. *Detroit Club Holdings, LLC v Edward*, unpublished order of the Court of Appeals, entered April 3, 2018 (Docket No. 340874).

## II. STANDARD OF REVIEW

"Whether a party has standing is a question of law that this Court reviews de novo." *In re Gerald L Pollack Trust*, 309 Mich App 125, 154; 867 NW2d 884 (2015). "Issues of statutory construction are questions of law," which this Court reviews de novo. *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 253; 819 NW2d 68 (2012). "Court rules are

interpreted using the same principles that govern statutory interpretation." *Pellegrino v AMPCO Sys Parking*, 485 Mich 1134, 1135 n 1; 789 NW2d 777 (2010). "We review for an abuse of discretion a circuit court's ultimate decision to grant or deny relief from a judgment." *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010). We review for clear error a lower court's findings of fact. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470-472; 719 NW2d 19 (2006). Under the clear error standard, this Court defers to the lower court unless definitely and firmly convinced that the court made a mistake; and under the abuse of discretion standard, we will affirm unless the "decision . . . falls outside the principled range of outcomes." *Id*. at 472.

An issue raised in the lower court and pursued on appeal is preserved, irrespective of whether the lower court addresses the issue. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). An issue is not considered unpreserved merely because a party makes a more sophisticated, more developed, or better briefed argument on appeal. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). "Further, this Court may overlook preservation requirements where failure to consider the issue would result in manifest injustice, if consideration of the issue is necessary to a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. (citations omitted); see also *Mack v Detroit*, 467 Mich 186, 207-209; 649 NW2d 47 (2002) (issue presentation requirements do not necessarily preclude courts from identifying and analyzing controlling legal issues). We will affirm a correct result arrived at for an incorrect reason, especially when our review is de novo. *Kirl v Zinner*, 274 Mich 331, 336; 264 NW 391 (1936); *Michigan Gas & Elect Co v City of Dowagiac*, 278 Mich 522, 526; 270 NW 772 (1936).

## III. STANDING

DCH and intervenors argue that Kloian's right to redemption was terminated on June 9, 2016, by the district court's entry of the default judgment; or in the alternative, Kloian's right to redemption terminated on October 21, 2016, because Kloian did not tender the redemption amount within six months of the foreclosure sale. DCH and intervenors argue that, for either reason, Kloian no longer has standing to assert any right to the condominium unit. We disagree.

"The purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (internal quotation omitted). "Under this approach, a litigant has standing whenever there is a legal cause of action." *Id*. at 372. In a civil action to enforce private rights, a person must have " 'in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy.' " *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992), quoting 59 Am Jur 2d, Parties, § 30, p 414 (quoted with approval by *Lansing Sch Ed Ass'n*, 487 Mich at 359). Standing does not depend on whether the claim is substantively meritorious or the requested relief can be granted. *Lansing Sch Ed Ass'n*, 487 Mich at 355-358.

Liens based on unpaid condominium assessments fall under the Condominium Act, MCL 559.101 *et seq*. Specifically, MCL 559.208(1) provides, in relevant part, that "[s]ums assessed to a co-owner by the association of co-owners that are unpaid . . . constitute a lien upon the unit or units in the project owned by the co-owner at the time of the assessment," and "[t]he lien may be

foreclosed by an action or by advertisement by the association of co-owners in the name of the condominium project on behalf of the other co-owners." Under MCL 559.208(2), a "foreclosure shall be in the same manner as a foreclosure under the laws relating to foreclosure of real estate mortgages by advertisement or judicial action," and "[t]he redemption period for a foreclosure is 6 months from the date of sale unless the property is abandoned . . . " It is well settled that in the context of mortgages, any rights to property held by a mortgagor are extinguished if the mortgagor fails to exercise the right of redemption within the statutory period. See *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). The same principle would appear to apply to the right of redemption under the Condominium Act. Consequently, there is properly no dispute that, but for the effect of the June 9, 2016, default judgment, Kloian would have had until October 21, 2016, to redeem the property.

Critically to the standing argument, a request for relief from judgment is, functionally, an exception to the general res judicata and collateral estoppel rules prohibiting the relitigation of matters that would otherwise be final. See *Colestock v Colestock*, 135 Mich App 393, 397-398; 354 NW2d 354 (1984); *Vanderwall v Midkiff*, 186 Mich App 191, 203; 463 NW2d 219 (1990). The effect of setting aside a judgment or order is to nullify that judgment or order, whereupon the proceeding then stands as if the judgment or order had never occurred at all. *Smith v MEEMIC Ins Co*, 285 Mich App 529, 532-533; 776 NW2d 408 (2009); *Rice v Benedict*, 18 Mich 75, 76 (1869). We presume for the sake of argument that it was otherwise proper for the district court to enter the June 9, 2016, default judgment, and we further presume that the default judgment properly cut off Kloian's right to redemption. The effect of setting aside that default judgment would be to restore Kloian's right to redemption, which he otherwise unambiguously still had as of September 1, 2016, when he filed his motion for relief from judgment.

The entry of the June 9, 2016, default judgment therefore clearly could not have deprived Kloian of standing. Kloian still retained a " 'real interest . . . in the subject matter of the controversy.' " *Bowie*, 441 Mich at 42, quoting 59 Am Jur 2d, Parties, § 30, p 414. At the time Kloian filed his motion for relief from judgment, the statutory redemption period had not yet expired, and successfully setting aside the default judgment would restore his right to avail himself of that redemption period. As noted, standing does not depend on whether a particular claim or argument is meritorious, but rather whether the litigant is sufficiently interested in the matter. Kloian's rights were directly affected by the default judgment, so Kloian had standing to challenge that judgment.

DCH and intervenors argue in the alternative that Kloian lost standing because he failed to tender the redemption amount before the redemption period expired. In cases of mortgage and land contract foreclosures, DCH and intervenors correctly observe that a property owner must generally preserve the right to redeem by unconditionally tendering the redemption amount during the redemption period. *Flynn v Korneffel*, 451 Mich 186, 203-204; 547 NW2d 249 (1996); *Gordon Grossman Bldg Co v Elliott*, 382 Mich 596, 606-607; 171 NW2d 441 (1969); *Strempek v First Nat'l Bank-Detroit*, 293 Mich 435, 437; 292 NW 358 (1940). However, making a futile attempt at "a mere formality and a useless procedure" is generally not required. *Modern Globe, Inc v 1425 Lake Drive Corp*, 340 Mich 663, 669; 66 NW2d 92 (1954). Under exceptional circumstances, equity may dictate that full technical compliance with the tender requirement should be forgiven. See *Marble v Butler*, 249 Mich 276, 279-280; 228 NW 677 (1930).

Here, it appears that Kloian attempted to inquire into the redemption amount and expressed his intention to exercise his right to redeem. Given Kloian's reliance, which we will discuss below, on the fact that his home address was readily available in the property's title history, we think it somewhat disingenuous that he did not look to the same title history, where he would have discovered the Sheriff's Deed. Nevertheless, by the time Kloian discovered that the foreclosure sale had occurred, the default judgment was already in place. As the circuit court correctly observed, "an order of the court must be complied with at the time it is entered even if the order is clearly incorrect." *Johnson v White*, 261 Mich App 332, 346; 682 NW2d 505 (2004). Irrespective of whether the June 9, 2016, default judgment was wrongly entered, the judgment had the legal effect of terminating Kloian's redemption rights. The better practice would have been for Kloian to deposit the redemption amount with the clerk of the court. See *Marble*, 249 Mich at 279. Nevertheless, the circuit court found that until such time as the default judgment was set aside, any effort by Kloian to tender a redemption amount would have been both legally and practically futile. We are not definitely and firmly convinced that this finding was mistaken. See *Herald Co, Inc*, 475 Mich at 472.

We therefore conclude that the circuit court properly found that Kloian does not lack standing in this matter.

## IV. ADEQUATE NOTICE

DCH and intervenors next argue that the circuit court erred when it concluded that DCH failed to comply with the notice requirements set forth in MCL 600.3238(2) and (6) of the foreclosure by advertisement procedures, MCL 600.3201 *et seq*. We agree in part.

## A. APPLICABILITY OF MCL 600.3238

As an initial matter, we must first determine whether MCL 600.3201 *et seq*. is applicable to foreclosures under the Condominium Act. We conclude that it is.

As discussed, MCL 559.208(2) provides, in relevant part, that "foreclosure shall be in the same manner as a foreclosure under the laws relating to foreclosure of real estate mortgages by advertisement or judicial action . . . " Our Supreme Court has indicated that MCL 559.208 is a command to proceed under MCL 600.3201 *et seq*. See *Matteson v Stonehenge Condo Ass'n*, 469 Mich 941; 670 NW2d 669 (2003). In *Matteson*, this Court observed that the prior version of MCL 559.208(2) "was silent regarding a specific period of redemption and provided only that a foreclosure shall be in the same manner as a foreclosure under the laws relating to foreclosure of real estate mortgages by advertisement or judicial action." *Matteson v Stonehenge Condo Ass'n*, unpublished per curiam opinion of the Court of Appeals, Docket No 231713 (Issued September 10, 2002), n 2 (quotation symbols omitted). On appeal, our Supreme Court held that as a consequence, the redemption period was one year from the date of sale, citing MCL 600.3240(12). Peremptory orders of our Supreme Court are binding to the extent they can be comprehended, even if doing so requires consideration of other unpublished opinions from this Court. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 115; 923 NW2d 607 (2018). Clearly, MCL 600.3201 *et seq*. applies to foreclosures of condominiums.

Furthermore, statutes with similar "in the same manner as…" language are not novel, or even unusual. It is well understood that such language effectively incorporates the procedural substance of the indicated law by reference. See *Runnels v Moffat*, 73 Mich 188, 195-197; 41 NW 224 (1889); *Morris v Donovan*, 130 Mich 336, 337-338; 89 NW 963 (1902); *Ludington Service Corp v Acting Comm'r of Ins*, 444 Mich 481, 488 n 11; 511 NW2d 661 (1994); *Beason v Beason*, 435 Mich 791, 797, 797 n 2; 460 NW2d 207 (1990). We find it unambiguous that our Legislature's reference to "the same manner as a foreclosure under the laws relating to foreclosure of real estate mortgages by advertisement" incorporates by reference the procedural requisites of MCL 600.3201 *et seq.* The fact that some of the terminology found in the foreclosure by advertisement provisions may not be literally applicable is a matter of form over substance, which the courts look past. *Wilcox v Moore*, 354 Mich 499, 504; 93 NW2d 288 (1958). As a consequence, the circuit court erred in holding that the notice provisions set forth in MCL 600.3238 were inapplicable.

## B. NOTICE REQUIRED BY MCL 600.3238

Notwithstanding its erroneous conclusion that MCL 600.3238 did not apply, the circuit court also considered whether DCH had properly complied with those notice provisions. We agree with the circuit court's conclusion that DCH did not properly comply with those provisions.

"Foreclosure sales by advertisement are defined and regulated by statute." *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 50; 503 NW2d 639 (1993). MCL 600.3238 provides, in relevant part:

(1) After a foreclosure sale under this chapter and providing notice under [MCL 600.]3237, the purchaser at the sale may inspect the property, including the exterior and interior of any structures on the property, as provided in this section.

(2) The purchaser may conduct an initial inspection of the interior of any structures on the property. In addition to the notice provided in [MCL 600.]3237, the purchaser shall provide notice to the mortgagor by certified mail, physical posting on the property, or in any manner reasonably calculated to achieve actual notice of the purchaser's intent to inspect the property at least 72 hours in advance and shall set the time of the inspection at a reasonable time of day, in coordination with the mortgagor if possible.

\* \* \*

(6) If an inspection under this section is unreasonably refused or if damage to the property is imminent or has occurred, the purchaser may immediately commence summary proceedings for possession of the property under [MCL 600.5701 et seq.] or file an action for any other relief necessary to protect the property from damage. If a purchaser commences an action for possession or any other relief under this section, the purchaser may also name as a party to the action any person who may redeem the property under [MCL 600.]3240.

(7) Before commencing summary proceedings for possession of the property under this section, the purchaser shall provide notice to the mortgagor by certified mail, physical posting on the property, or in any other manner reasonably calculated to achieve actual notice, that the purchaser intends to commence summary proceedings if the damage or condition causing reasonable belief that damage is imminent is not repaired or corrected within 7 days after receipt of the notice.

\* \* \*

(10) If a judgment for possession is entered in favor of the purchaser in an action under [MCL 600.5701 et seq.] as described in subsection (6), the right of redemption under [MCL 600.]3240 is extinguished and title to the property vests in the purchaser as provided in [MCL 600.]3236 as to all persons against whom judgment was entered.

DCH and intervenors argue that the circuit court erroneously interpreted the above provisions as requiring Kloian to have successfully received actual notice. We recognize that the circuit court's ruling is not as clear as we might prefer, and some of its statements could be construed as implying a requirement of actual service. However, elsewhere the circuit court expressly recognized that service need not be successful. From our reading of the circuit court's bench ruling in its entirety, we believe the circuit court's holding to be that good faith efforts must be made in the pursuit of achieving actual service. We agree.

The fundamental goal of statutory interpretation is to discover and give effect to the intent of the Legislature as expressed through the plain language of the statute. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236-237; 596 NW2d 119 (1999). Critically, all three notice provisions in MCL 600.3238 use the word "or." DCH and intervenors correctly point out that the word "or" is *usually* understood to be disjunctive; that is, signifying exclusive alternatives. Consequently, they argue, it is unnecessary to bother with "any manner reasonably calculated to achieve actual notice" if notice was either sent by certified mail or posted on the property. However, "or" has long been understood to be much more flexible in meaning than many other words, possibly even converging on "and." *Heckathorn v Heckathorn*, 284 Mich 677, 681-682; 280 NW 79 (1938). The word "or" may, in appropriate circumstances, be intended to be explanatory, expository, or interpretive of the words or clauses preceding it. *Blumenthal v Berkshire Life Ins Co*, 134 Mich 216, 219; 96 NW 17 (1903). When read in context, we conclude that the word "or" as used in the notice provisions of MCL 600.3238 is intended to be explanatory rather than truly disjunctive.

Application of the doctrine of *in pari materia* also supports our conclusion. "Statutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to one another and were enacted on different dates." *Walters v Leech*, 279 Mich App 707, 709-710, 761 NW2d 143 (2008). "The object of the *in pari materia* rule is to give effect to the legislative intent expressed in harmonious statutes." *Id*. at 710. MCL 600.3238 and MCL 600.3237 relate to the same subject matter: a purchaser's inspection of property foreclosed through advertisement. MCL 600.3237(2) and MCL 600.3238(2) address the notice a purchaser must give the mortgagor if the

purchaser intends to inspect the interior of the property after a foreclosure sale. MCL 600.3238(7) addresses the notice a purchaser must give the mortgagor if inspection is unreasonably refused, or if damage to the property has occurred or is imminent, and the purchaser intends to initiate summary proceedings for possession of the property. MCL 600.3237(2) requires the purchaser to provide notice by certified mail, physically posting on the property, "or any other method reasonably calculated to achieve actual notice." Similarly, MCL 600.3238(7) requires the purchaser to provide notice by certified mail, posting on the property, "or in any other manner reasonably calculated to achieve actual notice . . . " Use of the phrase "any other" in these two subsections makes clear the Legislature's intent that the manner of notice employed must be reasonably calculated to achieve actual notice. Reading MCL 600.3238(2) *in pari materia* with 600.3237(2) and 600.3238(7) compels the same conclusion, and raises the question of whether, given the circumstances of the present case, the notice given was "reasonably calculated to achieve actual notice."

It has long been understood that due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008) (quotation omitted). The notice need not be successful, but it must take into account the particular circumstances of the person and situation. *Id*. at 508-512. The phrasing of the notice required by MCL 600.3238 therefore closely parallels the phrasing of the notice required under due process. Under the circumstances, we conclude that it is manifestly apparent that the Legislature intended the word "or" to signify that "reasonably calculated to achieve actual notice" is no mere catch-all alternative, but rather explains the kind of notice required. The circuit court properly so held.

## C. DCH'S COMPLIANCE WITH MCL 600.3238

The circuit court finally found that DCH did not comply with the notice requirements in MCL 600.3238 by mailing notice to the condominium unit and posting notice on the property. The adequacy of notice is circumstantial. See *Lawrence M. Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274-275; 803 NW2d 151 (2011) (discussing notice required by due process). The circuit court found that DCH failed to make adequate efforts to provide Kloian with actual notice. Unfortunately, we are unable to discern the factual findings, if any, upon which the circuit court based that conclusion. We cannot, on this record, determine whether the circuit court's conclusion was proper. See *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 489; 608 NW2d 531 (2000). We therefore vacate the circuit court's ruling that DCH failed to comply with the notice requirements in MCL 600.3238, and we remand for further proceedings.

## V. INNOCENT THIRD PARTIES

As an initial matter, we disagree with the argument made by DCH and intervenors that MCR 2.612(B), which permits relief from judgment where a defendant was not personally notified, is inapplicable because personal jurisdiction over Kloian was unnecessary. We find persuasive the United States Supreme Court's observation that "[t]he fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property supports an ancient form without substantial modern justification." *Schaffer v Heitner*,

433 US 186, 212; 97 S Ct 2569; 53 L Ed 2d 683 (1977). Furthermore, Kloian was explicitly a named defendant in DCH's complaint. As discussed, the courts disregard technicalities to the extent they conflict with substance. Consequently, we hold that Kloian was entitled to seek relief from judgment under MCR 2.612(B).

However, the circuit court declined to address whether intervenors were "innocent third parties who would not be prejudiced" by setting aside the district court's default judgment. Making such a finding is unambiguously mandatory under MCR 2.612(B). The parties seemingly accepted the circuit court's decision. Nevertheless, although parties may stipulate to facts, they may not stipulate to the law. *Staff v Johnson*, 242 Mich App 521, 529-530; 619 NW2d 57 (2000). A court necessarily abuses its discretion when it makes a decision on the basis of a mistake of law. See *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016). We therefore require that on remand, if the circuit court again determines that DCH failed to comply with the notice requirements in MCL 600.3238, it must determine whether intervenors are innocent third parties who will be prejudiced if the default judgment is set aside.

## VI. CONCLUSION

We note for the bench and bar that our outcome in this matter is partially based on the unusual and somewhat opaque record in this matter, and so we caution against excessively zealous extrapolation. Nevertheless, we hold that on this particular record, Kloian has standing in this matter, because he had an interest in having the default judgment set aside, and we are unable to find clear error in the circuit court's holding that any effort to tender a redemption amount would be futile. We hold that MCL 600.3201 *et seq.* is applicable to foreclosures under the Condominium Act, and the notice provisions in MCL 600.3238 require good-faith efforts to provide actual notice, although they do not require those efforts to succeed. We hold that the circuit court failed to make proper findings in support of its conclusion that DCH failed to comply with the notice provisions in MCL 600.3238. We finally hold that the circuit court abused its discretion by failing to determine whether intervenors were innocent third parties who would be prejudiced. Accordingly, we affirm in part certain of the circuit court's rulings as discussed, we vacate the circuit court's order setting aside the default judgment, and we remand the matter to the circuit court for further proceedings consistent with this opinion. On remand, the circuit court may, in its discretion, further remand the matter to the district court, in whole or in part, if the circuit court deems the district court a more proper forum for any reason. We do not retain jurisdiction. We direct that the parties shall bear their own costs, no party having prevailed in full. MCR 7.219(A).

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

-10-