PAVELLA v. MILLER.

1. SPECIFIC PERFORMANCE—EQUITY—BILL TO REDEEM.

Courts of equity being loath to decree forfeitures, a bill for specific performance will be treated by the Supreme Court as one to redeem, where the equities of the parties require, and there is prayer for general relief.

2. SAME—EQUITY—FORFEITURE—REDEMPTION.

Where, in a suit by the vendees for the specific performance of a land contract which had been declared forfeited by the vendors, the record shows that the vendors waived strict performance by granting an extension of time, and before the extension expired the vendees were tied up by a writ of garnishment which suspended payments to the vendors but payments were continued to the fee owner by the vendees, who have paid all but $1,800 of the purchase price, which they tender into court, thus taking their chances on the outcome of the garnishment proceedings, they are entitled to equitable relief, their bill treated as one to redeem, and they permitted to redeem.

3. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE—RE-DEMPTION—IMPROVEMENTS—TAXES.

Where plaintiffs made a showing that they are equitably entitled to redeem from the forfeiture of a land contract, but in the meantime improvements have been made on the premises by their vendors, plaintiffs are required, as a condition of redemption, to pay for said improvements to the extent they have enhanced the value of the premises, and they are also required to pay the balance due on the contract and amounts paid by the vendors for taxes, together with interest on such sums.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted April 7, 1927. (Docket No. 48.) Decided June 6, 1927. Rehearing denied October 3, 1927.

Bill by Mike Pavella and another against Louis

---

[1]Equity, 21 C. J. § 76; Specific Performance, 36 Cyc. p. 780 (Anno); [2]Specific Performance, 36 Cyc. p. 780 (Anno); [3]Id., 36 Cyc. pp. 756, 757.

Miller and others for specific performance of a land contract.   Defendants Miller filed a cross-bill for affirmative relief.   From the decree rendered, plaintiffs appeal.   Reversed, and decree entered for plaintiffs.

*Younglove & Chockley,* for plaintiffs.

*Quinnell & Boyce* (*V. E. Crossley,* of counsel), for defendants Miller.

FELLOWS, J.   On August 23, 1921, defendant Louis Miller was the owner by assignment of a land contract executed by Daniel Biedrzycki and wife as vendors, to defendants Kielian, as vendees, covering lands in Huron township, Wayne county.   On that day the plaintiffs entered into an agreement to purchase such interest and made a down-payment of $3,000, consisting of $2,300 in cash and the cancellation of a note for $700 held by them against Miller.   The balance of the purchase price of Miller's interest in the land contract ($1,800) was evidenced by a note payable in 30 days, and the agreement recited that it was not to be binding unless the $1,800 was paid at that time. The abstract was examined by plaintiffs' attorney and a $500 mortgage which had not been arranged for by the parties was found to exist.   The parties are in dispute as to whether there was an extension of time. We are constrained to differ from the learned circuit judge and find as a fact that there was an extension by mutual agreement for a period of 15 days.   Before this time expired suit was brought in the circuit court against Miller and plaintiffs were made garnishee defendants.   They filed their disclosure showing their indebtedness to Miller.   A bond was given in the garnishment proceedings but later discharged by agreement and plaintiffs' liability as garnishee defendants reinstated.   The garnishment proceedings were still pending when the instant case was heard in the court

below, but it was conceded on the argument that it has since been disposed of. Plaintiffs during this time did not pay Miller on this note and contract, but did pay various sums to the fee owner from time to time, and finally paid up the balance due him and took a deed. For a time they had possession of the premises. The buildings, however, were destroyed by fire. On two occasions Miller served notice of forfeiture and instituted proceedings before a circuit court commissioner, but on both occasions he abandoned them. Activities between the parties seem to have been suspended until the spring of 1924, when defendants moved onto the farm; they claim to have made substantial improvements. In July following this bill was filed. It prays specific performance and for general relief. On the hearing it was dismissed, but plaintiffs were given a decree for the money they had paid.

It is quite probable that a bill to redeem would have been a more appropriate proceeding. But courts of equity are loath to decree forfeitures, and where equity requires, and there is prayer for general relief, this court will treat a bill praying for specific performance as one to redeem and thus work out the equities of the parties. *Lozon* v. *McKay*, 203 Mich. 364; *Hubbell* v. *Ohler*, 213 Mich. 664. See, also, *Waller* v. *Lieberman*, 214 Mich. 428, and authorities there cited. We are persuaded that the instant case is one for the application of such procedure. We are satisfied that the strict letter of the agreement was waived by an extension of the time of performance, and before the extension expired the plaintiffs were tied up by a writ of garnishment. For a short time, while the bond was in force in that proceeding, they could have paid with safety, but the record does not disclose that they were given notice of the filing of this bond. They paid down about one-third of the

full purchase price of the premises, made payments to the fee owner, thus preventing complications between him and themselves and others interested, and finally paid him all that was due him.   They brought into court and tendered the $1,800, thus taking their chances on the outcome of the garnishment proceedings.   We are persuaded they should be permitted to redeem.

Defendant Miller has made improvements on the premises.   To the extent these improvements have enhanced their value he should be reimbursed.   There is testimony in the case on this question, but it is not of such a satisfactory character as to convince us that we can upon this record definitely fix the amount.   If counsel are able to agree upon this item when the decree is settled it will be then fixed; if not, the case will be remanded for the taking of further proof and the fixing of the amount in the court below.   Plaintiffs should also pay the balance due on the contract and such amounts as defendant Miller has paid for taxes, together with interest on such sums.   When the amount plaintiff should pay to redeem is fixed he shall have 60 days in which to pay the same to the clerk of Wayne county.

The decree appealed from will be reversed and one here entered in accordance with this opinion.   Plaintiffs will have costs of both courts.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.