MARBLE v. BUTLER.

1. PLEADING—MOTION TO DISMISS ADMITS ALLEGATIONS OF BILL.
    Where defendant filed no answer, but made motion to dismiss, court should regard allegations in bill of complaint as true and in light most favorable to plaintiff.

2. VENDOR AND PURCHASER—FORFEITURE—RIGHT TO REDEEM—DISCRETION OF COURT.
    Right to redeem from forfeiture of land contract, held, under amended bill of complaint, to rest in sound discretion of court.

3. SAME—RIGHT TO REDEEM.
    In suit to redeem from forfeiture of land contract, where three-quarters of purchase price had been paid, vendee had been prevented from making payment through no fault of his own, vendor had refused tender of full amount due him under contract, and there were other unusual circumstances, vendee should be permitted to redeem.

On relief of purchaser against forfeiture of land contract, see annotation in 40 A. L. R. 182.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted October 11, 1929. (Docket No. 63, Calendar No. 34,586.) Decided January 24, 1930.

Bill by George N. Marble against Herbert E. Butler and others to redeem from forfeiture of a land contract. From a decree dismissing plaintiff's bill, plaintiff appeals. Reversed.

*Verner W. Main,* for plaintiff.

*Bailey & McAuliffe,* for defendant Herbert E. Butler.

BUTZEL, J. Plaintiff, George N. Marble, and his parents, defendants Ambrose I. Marble and May Marble, entered into a land contract for the purchase of property in the township of Battle Creek, county of Calhoun, for the sum of $6,000. Defendant Herbert E. Butler acquired the vendors' interest in said contract. Through an initial payment of $4,030.16 and subsequent monthly payments on the contract, the balance due defendant Butler as assignee of the vendors in said contract had been reduced to less than $1,500 at the time of the filing of the bill of complaint in this cause. Defendant Butler's interest was further reduced on account of a first mortgage amounting to approximately $900 against the property, so that his equity in the vendors' interest in the contract amounted to $550 or thereabouts.

Plaintiff's bill of complaint shows that he and his covendees in the land contract were in default for 11 consecutive months in making their payments of $35 a month to be applied on principal and interest due on said contract; that defendant Butler served a notice of forfeiture in the month of

March, 1929, and almost immediately thereafter began proceedings before a circuit court commissioner to secure possession of the premises; that on March 25, 1929, defendant Butler secured a judgment showing that at that time there was $363.80 due on the contract.

On April 24, 1929, the last day in which to pay the said judgment before defendant Butler would become entitled to a writ of restitution, plaintiff filed a bill in equity showing that he had secured a mortgage loan from a Battle Creek bank in order to pay defendant Butler the entire balance due him, together with the mortgage on the property. Plaintiff showed, however, that difficulties had arisen between his parents, Ambrose I. Marble and May Marble, and that Ambrose I. Marble would not join with plaintiff in executing the mortgage. He asked the aid of the court to compel Ambrose I. Marble to join with him in executing the mortgage and thus pay off Butler, and secure a deed to the property. Plaintiff further charged a conspiracy between defendants Butler and Ambrose I. Marble. The allegation in regard to conspiracy was wholly insufficient in itself were it not correlated to further charges made in an amended or supplemental bill which plaintiff filed on May 15, 1929. In it he shows that prior to the expiration of 30 days following the rendition of the judgment by the circuit court commissioner, defendant had refused to give him a statement showing the amount still due, and further had failed to furnish him with an abstract of the property in accordance with the contract. Plaintiff further shows that he had bought out the interest of Ambrose I. Marble and May Marble and had tendered Butler the entire balance due under the contract over and above the mortgage, but that Butler had refused to accept the payment and execute a

deed for the property. Plaintiff deposited the amount due Butler, together with a copy of the contract, the assignment from his parents of their interest in the contract, and a deed to be executed by Butler, with the clerk of the court.

Defendant Butler filed no answer, but made a motion to dismiss. Therefore, the court should regard the allegations in the bill of complaint as true and in the most favorable light to plaintiff. The court entered an order dismissing the bill of complaint. Plaintiff has appealed to this court.

Plaintiff should have paid the judgment rendered by the circuit court commissioner and thus protected his rights. The allegations of fraud in the original bill of complaint are extremely tenuous, but they are somewhat reinforced by the charges made in the supplemental bill. We are impressed with the fact that three-quarters of the purchase price was paid by plaintiff on the contract and that the bill was filed within the 30 days following the judgment and was followed by an amended or supplemental bill showing a tender of the entire balance due vendor. The amount still due was so small that a mortgage for such sum should have been easily obtainable. The proceedings were begun before the circuit court commissioner almost upon the heels of the notice of forfeiture, notwithstanding the fact that monthly payments had not been insisted upon for almost an entire year.

This court has frequently relieved a person from a harsh forfeiture where he is ready and willing to make full payment, and where there are very unusual circumstances which appeal to the conscience of the court, and where the party seeking to enforce the forfeiture will receive everything to which he would have been entitled under his contract had there been no forfeiture. This right to redeem, as

is sought in the amended or supplemental bill of complaint, rests in the sound discretion of the court. In the present instance, plaintiff was prevented from making his payment through no fault of his own; there was but a slight delay; the vendor will not suffer thereby if he is awarded the full amount due him and costs; the proceedings were begun almost immediately after an unreasonably short notice of forfeiture had been given, notwithstanding the fact that three-quarters of the purchase price of the property had been paid on the contract, and there were other unusual circumstances. Plaintiff should be allowed to redeem under the doctrine set forth in *Smith* v. *Lawrence*, 15 Mich. 499; *Curry* v. *Curry*, 213 Mich. 309; *Letinsky* v. *Smith*, 220 Mich. 465; *Hull* v. *Hostettler*, 224 Mich. 365; *Pavella* v. *Miller*, 239 Mich. 88.

It is, therefore, ordered that the decree of the lower court dismissing the bill of complaint be set aside, and the case remanded for further action in accordance with this opinion. Defendants shall have 15 days from the filing of this opinion in which to answer. Plaintiff shall recover costs of this court against the defendant Butler.

WIEST, C. J., and CLARK, POTTER, SHARPE, and FEAD, JJ., concurred. NORTH, J., did not sit. Mc-DONALD, J., took no part in this decision.