OPINION OF THE COURT
Paul I. Miles, J.
decision
This proceeding was commenced by a petition. The respondents filed a notice of motion to dismiss on the alleged grounds that the petitioner had willfully neglected or refused to give certain materials requested of it by the respondents or to attend a scheduled hearing of the Board of Assessment Review. The petitioner through counsel has filed two affidavits in opposition. The matter was initially scheduled to be heard on October 2, 1981 but was adjourned at the request of counsel until October 8, 1981 at 9:30 in the morning. At that time counsel for the petitioner appeared. Counsel for respondents was not present at 9:15 a.m. and petitioner’s counsel requested that respondents be prohibited from arguing their motion. Because of calendar congestion the court had to proceed with the calendar. Respondents’ counsel appeared within one-half hour of the initial time and requested an opportunity to argue the respondents’ motion. This was allowed at the end of the morning’s calendar.
*811 This petitioner is a New York State corporation owning real property in the Town of Gaines, Orleans County. The petitioner filed a complaint with the respondent Board of Assessment Review in which it was alleged that the assessment of the real property in question was erroneous because of overvaluation, inequality, and illegality. The complaint designated petitioner’s counsel, Douglas S. Gates, as representative of the petitioner in any and all proceedings and Richard De Carlo, an apparent officer of the petitioning corporation, as representative of the petitioner. Neither of the petitioner’s representatives appeared at the regular meeting of the Board of Assessment Review on June 16, 1981. However, Margie De Carlo, wife of Richard De Carlo, appeared and asserted that she was acting on behalf of the petitioner. Mrs. De Carlo requested an adjournment of the proceedings because certain information was not available. She requested an adjournment until July because of matters which would keep her from appearing until that time. She was advised that the matter should be determined early in July because of the required calendar for establishing final assessments. At that meeting the respondents requested information on sales of mobile homes in the mobile home park owned by the petitioner and also requested income and expense statements for the years 1979 and 1980. Mrs. De Carlo offered to provide certain “Blue Book” values for mobile homes. After that time Mrs. De Carlo had conversations with the respondent Morrissey but indicated that she did not have the so-called “Blue Book” values and that the number of sales of mobile homes was small and, in her opinion, not sufficient to be used by the respondents in determining real property values. The financial statements were also not forthcoming. Thereafter the respondent Morrissey alleges that at the request of the chairman of the respondent Board of Assessment Review he sent a letter notice to Mr. Richard De Carlo, Albion Mobile Homes, Inc., 171 South Clinton Street, Albion, New York, 14411, notifying of an adjourned meeting of the Town of Gaines Board of Assessment Review (as requested) for July 15, 1981. Morrissey alleges that he personally posted that letter notice in a sealed envelope with proper postage at the post office in *812 Albion, New York. Copies of the said letter were at the same time mailed to the chairman of the Board of Assessment Review and to the respondents’ counsel. Although the chairman of the Board of Assessment Review and the counsel received their copies, the petitioner and Richard De Carlo deny receiving the notice. No one appeared at the adjourned meeting on behalf of the petitioner. The respondent Morrissey thereupon telephoned Mr. Richard De Carlo and inquired about the petition. Mr. De Carlo stated that he was tired and could not and would not attend the adjourned meeting and that he did not have the necessary information which had been previously discussed with Mrs. De Carlo. The Board of Assessment Review thereupon completed their work on the assessment of the petitioner’s property. The petitioner has commenced this proceeding as a result thereof and, answering the respondents’ motion to dismiss, contends that the petitioner’s representative has always been willing and desirous of co-operating with the respondents and in giving the required information and that their petition should not be dismissed.
It is clear that the respondents bear the responsibility of establishing and reviewing assessments of real property within their jurisdiction. The Board of Assessment Review has the ability, and perhaps the obligation, to take testimony and hear proof regarding any complaints and the assessments to which it relates. If the Board of Assessment Review is not satisfied that the assessment is illegal, erroneous or unequal it may require the person whose real property is assessed, or his agent or representative, or any other person, to appear before the board to be examined concerning the complaint and to produce any papers relating to the assessment. To expect the Board of Assessment Review to do anything less would be to deny the petitioner due process of law and to also deny the owners of the other assessed real property comparable due process. If persons whose real property is assessed, or his agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any material questions put to him, such person shall not be entitled to any reduction of the assessment subject to the complaint (Real Property Tax Law, §§ 512, 1524, subd 2, par [b]). The Board of Assess *813 ment Review should determine what information is material to the questions before it. The taxpayer should not be the one to make that determination. The Board of Assessment Review is not limited in the types or extents of information it may review. The administrative review by the Board of Assessment Review is part of the administrative review process. Such process cannot be frustrated or avoided at the will of the taxpayer by either nonparticipation or by failure or refusal intentionally to give the information desired by the reviewing authority. Later reviews of the proceedings by courts are severely hampered if not totally prejudiced by any willful neglect or refusal by the petitioner to fully participate in the administrative review (Matter of Grossman v Board of Trustees of Vil. of Geneseo, 44 AD2d 259). The petitioner did not have the option of not appearing and not supplying additional information. The administrative procedures for tax assessment review are designed to insure the accuracy of the assessment, and not designed to be an adversary proceeding. It is for the board to determine what information is material and whose presence is required (Matter of Jakubovitz v Dworschak, 67 AD2d 977).
Proper assessments are a concern to everyone in a community. It is presumed, however, that the party primarily concerned is the owner of the real property who files the initial complaint. When that complaint is filed by a corporation, the designated representative is charged with the duty of representing that corporation at all times. When someone not the designated representative appears at grievance day there is initially some, question about the petitioning corporation’s desire to co-operate. Further, when the stated desire of the assessor to review other sales is denied by the person speaking for the corporation on the basis that the sales are not meaningful, and when that same person requests an adjournment of the proceedings but does not apparently inform the designated representatives of the corporation, and where the designated representative of the corporation later says that he does not have the requested information and is too tired to come over to a hearing, there is clear foundation for a finding that the petitioner has willfully neglected or refused to *814 attend, be examined and answer material questions. Therefore, the statutory proscriptions must apply and the petitioner thereafter should not be entitled to a reduction of the assessment subject to the complaint in question. Therefore, the motion by the respondents is granted.