McMARTIN v CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND

Docket No. 88517. Submitted December 3, 1986, at Detroit. Decided
    April 6, 1987.

Edward G. McMartin, Jr., worked as a carpet cutter for Presto
    Trims from 1967 until 1979, when muscular dystrophy ren-
    dered him unable to do his job. McMartin's application for a
    permanent disability pension was denied by Central States,
    Southeast and Southwest Areas Pension Fund on the ground
    that the collective bargaining agreement under which McMar-
    tin was employed did not provide for a level of contributions
    sufficient to qualify him for a permanent disability pension.
    McMartin brought an action against Central States in the
    Wayne Circuit Court, alleging that defendant was estopped
    from denying benefits. The Wayne Circuit Court, William Leo
    Cahalan, J., granted summary disposition for defendant. Plain-
    tiff appealed.

    ·The Court of Appeals held:

    · Claims based on estoppel for benefits from a pension plan
    governed by the Employment Retirement Income Security Act
    are within the exclusive jurisdiction of the federal courts. The
    trial court erred in considering plaintiff's claim based on estop-
    pel and the court's disposition on that claim is without res
    judicata effect.

    Affirmed.

MASTER AND SERVANT — PENSION BENEFITS — ESTOPPEL — PREEMP-
    TION — EMPLOYMENT RETIREMENT INCOME SECURITY ACT —
    JURISDICTION.

    Claims based on estoppel for benefits from a pension plan gov-
        erned by the Employment Retirement Income Security Act are

REFERENCES

Am Jur 2d, Courts § 106.
Am Jur 2d, Estoppel § 1.
Am Jur 2d, Pensions and Retirement Funds §§ 1, 4, 5.
Am Jur 2d, New topic service—Pension Reform Act §§ 520, 527.
Venue under 29 USCS Sec. 1132(e)(2) of suits brought under Em-
    ployee Retirement Income Security Act of 1974 (29 USCS Sec.
    1001 et seq.). 56 ALR Fed 757.

within the exclusive jurisdiction of the federal courts (29 USC 1001 *et seq.*).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*), for plaintiff.

*Russell N. Luplow, P.C.* (by *Douglas A. Firth*), for defendant.

Before: DANHOF, C.J., and SHEPHERD and W. A. PORTER,* JJ.

PER CURIAM. Plaintiff appeals from an order of summary disposition by the Wayne Circuit Court, holding that plaintiff was not entitled to receive disability pension benefits.

Plaintiff began working for Presto Trims in 1967 as a carpet cutter. In 1979, muscular dystrophy rendered plaintiff unable to perform his work. For purposes of social security benefits, plaintiff was adjudged to be totally and permanently disabled.

On September 6, 1979, plaintiff applied to defendant Central States, Southeast and Southwest Areas Pension Fund for a permanent disability pension. On January 2, 1980, plaintiff's claim for benefits was denied on the ground that the collective bargaining agreement under which plaintiff was employed did not provide for a sufficient level of contributions to qualify plaintiff for permanent disability pension benefits.

On August 2, 1983, plaintiff filed the instant complaint, seeking a judgment requiring defendant to pay the pension benefits to which he claimed he was entitled. We read the single-count complaint as alleging three arguably separate grounds for recovery: that benefits were due under the express terms of the contract, that defendant had breached

* Circuit judge, sitting on the Court of Appeals by assignment.

its fiduciary duty, and that defendant was estopped from denying benefits.

On October 10, 1985, the trial court entered an order granting summary disposition in defendant's favor. The court found that the express terms of the pension plan did not provide for benefits,[1] that exclusive jurisdiction to hear the breach of fiduciary duty claim lay in the federal courts, and that plaintiff was not entitled to claim estoppel under federal law.

On appeal, plaintiff only raises issues concerning his claim that defendant is estopped from denying benefits. We hold that claims of estoppel, when brought to collect benefits from a pension plan governed by the Employment Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.,* fall within the exclusive jurisdiction of the federal courts and may not be entertained in state courts. Accordingly, the circuit court erred in considering the merits of plaintiff's claim of estoppel.

The parties agree that the pension plan now before us is subject to the provisions of ERISA. ERISA is a comprehensive statute through which Congress intended to establish standards of conduct, responsibilities, and obligations for fiduciaries administering pension plans. 29 USC § 1001(b). ERISA broadly preempts state law. As this Court recently observed:

---

[1] Under the pension plan, an employee is eligible for total and permanent disability pension benefits only if he meets certain criteria. One criterion was that his employer must have made contributions on his behalf pursuant to a collective bargaining agreement in amounts "at least equivalent to those required by benefit class 4, 5, 6, or 7." The pension plan set forth the level of weekly contributions necessary to qualify for each benefit class. The higher the benefit class, the higher was the required amount of the employer's weekly contributions. The collective bargaining agreement under which plaintiff was employed required weekly contributions at a level equivalent to benefit class 2 and therefore defendant was ineligible to receive permanent pension benefits.

> ERISA contains a very broad preemption provision. With exceptions not relevant herein, congress declared that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 USC 1144(a). The same section later defines "State law" to include "all laws, decisions, rules, regulations, or other State action having the effect of law . . . ." 29 USC 1144(c)(1). There is no exaggeration in the observation that ERISA contains the "most sweeping preemption statute ever enacted." *Authier v Ginsberg,* 757 F2d 796, 801, n 8 (CA 6, 1985). [*Teper v Park West Galleries, Inc,* 153 Mich App 520, 522; 396 NW2d 210 (1986).]

See also *Alessi v Raybestos-Manhattan, Inc,* 451 US 504; 101 S Ct 1895; 68 L Ed 2d 402 (1981), and *Shaw v Delta Air Lines, Inc,* 463 US 85; 103 S Ct 2890; 77 L Ed 2d 490 (1983).

In addition to the broad preemption clause, Congress also awarded federal district courts exclusive jurisdiction of civil claims brought pursuant to the provisions of ERISA. 29 USC 1132(e)(1). The one exception is where the action is brought pursuant to 29 USC 1132(a)(1)(B)

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

If an action is brought pursuant to the above provision, state courts have concurrent jurisdiction with the federal courts. 29 USC 1132(e)(1).

In the instant case, the trial court held that plaintiff was not entitled to pension benefits under the express terms of the plan. Such a claim is an example of the type of action which may be brought pursuant to the state concurrent jurisdiction provision. However, as noted previously,

plaintiff has not appealed that portion of the lower court's ruling. Rather, on appeal, plaintiff argues that he is entitled to benefits under principles of equitable estoppel and that the trial court erred when it denied him benefits on these grounds. While ERISA authorizes a beneficiary to bring an action based on equitable grounds, the authorization for such an action is found at 29 USC 1132, subsection (a)(3), not subsection (a)(1)(B). As indicated previously, state courts have concurrent jurisdiction only for actions brought under the latter subsection. Thus, the trial court did not have jurisdiction to entertain plaintiff's claims of estoppel.

Public policies and concerns which gave rise to the enactment of ERISA support our decision. Theories of estoppel present potential dangers to the solvency of pension plans. If employees are permitted to collect benefits from a fund to which insufficient contributions have been made on their behalf, the actuarial soundness of the plan could be threatened. *Phillips v Kennedy,* 542 F2d 52, 58 (CA 8, 1976). Such claims may not be considered alone: the rights and interests of the other pensioners must also be taken into account. *Aitken v IP & GCU Employer's Retirement Fund,* 604 F2d 1261 (CA 9, 1979). While we express no opinion as to whether claims of estoppel should be permitted in such cases, the fact that such theories present potential dangers is evidence that such claims belong in the federal courts. Congress included a broad preemption clause and created exclusive jurisdiction with few exceptions in part because it wanted to eliminate the threat of conflicting and inconsistent state and local regulation. *Shaw v Delta Air Lines, supra,* 463 US 99. Reading 29 USC 1132(e)(1) narrowly advances that goal.

We also note that plaintiff's theory of equitable

estoppel is based on an allegation that defendant either failed to inform or misinformed plaintiff's union bargaining agent as to the benefit class that would be necessary to provide disability benefits. This theory is closely akin to a claim of breach of fiduciary duty. Actions based on breach of fiduciary duty are subject to the exclusive jurisdiction of the federal courts. 29 USC 1109 and 1132(e)(1); House Conference Report No. 93-1280, 1974 US Code Cong & Ad News, 4639, 5106-5107;[2] *Retail Shoe Health Comm v Reminick,* 62 NY2d 173; 476 NYS2d 276; 464 NE2d 974 (1984). If estoppel claims could be entertained in state courts, the rule of exclusive federal jurisdiction for fiduciary duty claims could be too easily circumvented.

Our decision also finds support in *Young v Sheet Metal Workers' International Ass'n,* 112 Misc 2d 692; 447 NYS2d 798 (1981). In *Young,* the court found that the phrase in 29 USC 1132(a)(1)(B) "under the terms of the plan" must be read restrictively and that an equitable action which calls into question fiduciary conduct raises issues beyond the scope of the plan itself and removes the action from state court jurisdiction. 447 NYS2d 803. To vest state courts with such jurisdiction, the court found, "would substantially undermine a carefully structured legislative scheme." 447 NYS2d 804.

---

[2] The House Conference Report provides in pertinent part:

The U.S. district courts are to have exclusive jurisdiction with respect to actions involving breach of fiduciary responsibility as well as exclusive jurisdiction over other actions to enforce or clarify benefit rights provided under title I. However, with respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction. [1974 US Code Cong & Ad News 5107.]

Accordingly, the trial court's determination of the merits of plaintiff's estoppel claim is hereby reversed. Since courts of this state have no jurisdiction to entertain actions against a fiduciary of a pension fund based on claims of estoppel, that portion of the trial court's opinion and order is without res judicata effect. That portion of the lower court's ruling which found that plaintiff was not entitled to collect benefits "under the terms of the plan" was not appealed and remains in full force and effect.

Affirmed in part and reversed in part; no costs, neither side prevailing in full.