TOWNSEND v BROWN CORPORATION OF IONIA, INC

Docket No. 153510. Submitted April 19, 1994, at Grand Rapids. Decided July 18, 1994, at 9:20 A.M.

Pamela Townsend brought an action in the Calhoun Circuit Court against Brown Corporation of Ionia, Inc., alleging that after her husband ceased employment with the defendant, the defendant refused to extend health insurance coverage to which she was entitled under the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.*, as amended by the Comprehensive Omnibus Budget Reconciliation Act (COBRA), 29 USC 1161 *et seq.*, and seeking reinstatement of the health insurance coverage, reimbursement of medical expenses already paid, costs and attorney fees, and penalty damages. The defendant argued that it had given the required statutory notice and that it had refused to extend coverage only after the plaintiff had failed repeatedly to tender payment of the required premium. The court, Conrad J. Sindt, J., following a bench trial, entered a judgment of no cause of action, finding that the defendant had given the required statutory notice of rights, that the plaintiff had not tendered payment of the premium, that the defendant did not forestall the plaintiff from making the premium payment, and that the defendant had no duty to inform the plaintiff of the statutory forty-five-day period in which payment of the premium could be tendered. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court lacked jurisdiction to hear the plaintiff's claim to the extent that it was based on an alleged breach by the defendant of a fiduciary duty, the exclusive jurisdiction of such a claim being vested in the federal courts by the ERISA.

2. Neither the trial court nor the Court of Appeals has jurisdiction to entertain a claim that the defendant violated the notice provisions of the COBRA. Further, if state courts had jurisdiction to entertain a claim based on the alleged noncompliance with the notice provisions of the COBRA, the record

REFERENCES

Am Jur 2d, Pensions and Retirement Funds §§ 1197, 1213.
See ALR Index under Employee Retirement Security Act.

supports the trial court's findings that the defendant gave adequate notice concerning the right to continue coverage and that no error resulted from the failure of the plaintiff to notify the defendant of the forty-five-day grace period in which to tender payment of the insurance premium.

3. The trial court lacked jurisdiction to grant relief based on equitable estoppel.

4. The question whether the defendant prevented the plaintiff from paying the premium turned on the resolution of the question of the credibility of the witnesses. Because the trial court had a special opportunity to judge the credibility of the witnesses, the findings of the trial court cannot be said to be clearly erroneous.

Affirmed.

1. COURTS — JURISDICTION — EMPLOYEE RETIREMENT INCOME SECURITY ACT — FIDUCIARY DUTY.

State courts lack jurisdiction to hear claims brought pursuant to the Employee Retirement Income Security Act that allege a breach by a plan administrator of its fiduciary duty; exclusive jurisdiction of such claims lies in the federal courts (29 USC 1132[a][1][A], [e][1]).

2. COURTS — JURISDICTION — EMPLOYEE RETIREMENT INCOME SECURITY ACT — EQUITABLE ESTOPPEL.

State courts lack jurisdiction to hear claims brought pursuant to the Employee Retirement Income Security Act seeking relief based on equitable estoppel (29 USC 1132[e][1]).

*Alan F. Giles,* for the plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *William E. Rohn*), for the defendant.

Before: CORRIGAN, P.J., and GRIFFIN and M. W. DRAKE,* JJ.

CORRIGAN, P.J. In this action under the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.,* as amended by the Comprehensive Omnibus Budget Reconciliation Act of 1986, 29 USC 1161 *et seq.* (COBRA), plaintiff appeals as of

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

right the judgment of no cause of action. We affirm.

Within fourteen days after plaintiff's husband ceased employment with defendant, defendant sent the required notice of COBRA rights to the couple's last known address, in compliance with 29 USC 1166(4). Because plaintiff and her husband had moved and had provided no forwarding address, they did not receive the first notice and a later follow-up notice. Plaintiff subsequently suffered a heart attack and incurred substantial medical expenses. She learned about her COBRA rights from an insurance agent and contacted defendant by telephone, seeking immediate delivery of the forms necessary to elect continuation coverage. Plaintiff informed defendant that she sought immediate payment of her medical bills. The necessary forms were sent out, accompanied by a note that plaintiff should forward her application and premium payment as soon as possible. Neither party disputed that plaintiff then made a timely application for continuation coverage. However, defendant denied that the required premium payment accompanied the completed forms. Plaintiff testified that she had mailed a check in payment of the premium, but also acknowledged that her check was never cashed. Thereafter, plaintiff was given opportunities to pay the premium, but never did so. The court found as a matter of fact that plaintiff had failed to include the premium payment with her election and never had made the necessary payment to continue coverage.

In her complaint, plaintiff alleged that defendant improperly denied her application and premium payment for continuation coverage to which she was entitled pursuant to 29 USC 1162, 1165. She sought reinstatement of health insurance benefits, costs and attorney fees, reimbursement of

medical bills less premium amounts, and penalty damages of $100 a day for noncompliance with COBRA provisions. She made no claim of equitable estoppel, nor did she assert that defendant violated the disclosure and notice provisions of the COBRA.

Section 502 of the ERISA, codified at 29 USC 1132, expressly prescribes the remedies available to plan beneficiaries and designates which courts have jurisdiction over such claims. Plaintiff's complaint falls within the provisions of 29 USC 1132(a) (1)(B) insofar as it seeks recovery of benefits under the terms of an ERISA plan. Because state and federal courts have concurrent jurisdiction over actions pursuant to subsection a(1)(B), the circuit court properly exercised jurisdiction over plaintiff's complaint. 29 USC 1132(e)(1); *McMartin v Central States, Southeast & Southwest Areas Pension Fund,* 159 Mich App 1, 4; 406 NW2d 219 (1987); *Bradwell v Silk Greenhouse, Inc,* 828 F Supp 940, 944 (MD Fla, 1993). Plaintiff's additional claims of violation of fiduciary duties and equitable estoppel are the exclusive province of the federal courts.

Plaintiff first claims that the circuit court erroneously determined that defendant had no duty to notify plaintiff of the forty-five day grace period within which a beneficiary may make premium payments after having elected continuation health coverage. We disagree. During trial, plaintiff expanded her theories to allege that defendant specifically violated its notification duties under the COBRA amendments of the ERISA, 29 USC 1161 *et seq.,* by failing to advise her that she had forty-five days within which to make the required premium payments. The circuit court rejected this argument. On appeal, plaintiff also contends that defendant violated its notification obligations under the COBRA. State courts lack subject-matter juris-

diction over this claim of breach of fiduciary duty. 29 USC 1132(e)(1) grants exclusive jurisdiction over all ERISA claims, except those brought under 29 USC 1132(a)(1)(B), to federal district courts. *McMartin, supra; Gorman v Life Ins Co of North America,* 811 SW2d 542, 547 (Tex, 1991); *Summers v United States Tobacco Co,* 214 Ill App 3d 878, 883; 574 NE2d 206 (1991). Plaintiff does not identify the statutory basis (nor, indeed, case authority) for her claim that defendant violated the notice provisions of the COBRA. However, her claim that defendant breached its fiduciary duties plainly falls within the purview of 29 USC 1132(a)(1)(A) and is subject to the exclusive jurisdiction of the federal district courts.

Subsections a(1)(A) and c(1) of 29 USC 1132 provide a cause of action for violations of the reporting and disclosure provisions of the COBRA set forth in 29 USC 1166(a)(1) and (a)(4), which require that (1) an ERISA health plan include written notice of a covered employee's rights under the COBRA at the time coverage commences, and (2) in the case of a qualifying event,[1] any qualified beneficiary receive the same written notice of the COBRA rights. Moreover, the ERISA provides no remedy for a violation of 29 USC 1166(a)(1) and (a)(4) other than that expressly provided in 29 USC 1132(c)(1). *Lewandowski v Occidental Chemical Corp,* 986 F2d 1006, 1009-1010 (CA 6, 1993). Plaintiff's allegation that defendant failed to disclose or to notify plaintiff of her rights under the COBRA falls squarely within subsection a(1)(A). *Hozier v Midwest Fasteners, Inc,* 908 F2d 1155, 1166-1167 (CA 3, 1990); *Gresham v Massachusetts Mutual*

---

[1] For purposes of this action, 29 USC 1163(2) provides in part that a "qualifying event" means the termination of the covered employee's employment that, but for the continuation coverage required under the COBRA, would result in the loss of coverage of a qualified beneficiary.

*Life Ins Co,* 248 NJ Super 64; 590 A2d 241 (1991). Both the circuit court and this Court are without jurisdiction to entertain plaintiff's claim that defendant violated the notice provisions of the COBRA.

Assuming that state courts enjoy any subject-matter jurisdiction, we would conclude that the circuit court properly rejected this argument. An administrator of an ERISA plan must provide qualified beneficiaries with adequate notice of their rights under the COBRA. 29 USC 1166(a)(4); *Lincoln General Hosp v Blue Cross/Blue Shield of Nebraska,* 963 F2d 1136, 1139-1140 (CA 8, 1992); *Meadows v Cagle's, Inc,* 954 F2d 686, 690-691 (CA 11, 1992). An administrator fulfills its obligations under 29 USC 1166 when it provides the qualified beneficiary with enough information to make an intelligent decision regarding election of continuation coverage. *Lincoln General Hosp, supra* at 1140.

Defendant provided plaintiff with adequate information to decide to elect continuation coverage. Defendant sent notice of plaintiff's COBRA rights to her husband's last known address pursuant to 29 USC 1166(a)(4). Plaintiff applied for coverage within the sixty-day period. Plaintiff contends that the COBRA also required defendant to notify her of the forty-five-day grace period for the payment of premiums. Plaintiff, however, fails to show why such information was necessary for her to make an intelligent decision to elect coverage when she had already indicated a desire for immediate coverage. Before the expiration of the grace period, plaintiff was aware of her right to make the premium payment, but did not make the required payment. Long after the forty-five-day period expired, defendant offered to accept payment, but again plaintiff declined to pay the premium. De-

fendant adequately preserved plaintiff's right to elect and receive continuation coverage under the COBRA.

Moreover, the COBRA does not require specifically that a plan administrator provide notice of the forty-five-day grace period to effect premium payments. Even if we had jurisdiction over the matter, we would decline to extend an employer's obligations under the notice and disclosure provisions of the COBRA beyond those already promulgated by the Secretary of Labor. The circuit court properly concluded that defendant satisfied its obligations under 29 USC 1166. We find no error warranting reversal.

Plaintiff also argues that the trial court erred in refusing to apply principles of equitable estoppel. We disagree. Once again, state courts lack jurisdiction to entertain claims of equitable estoppel in the context of the ERISA. *McMartin, supra* at 6; 29 USC 1132(e)(1); *Gresham, supra* at 69-70. Moreover, plaintiff failed to preserve this issue. Our failure to review it will not result in manifest injustice, inasmuch as the record does not support plaintiff's claim.

Lastly, plaintiff asserts that the circuit court erroneously found that defendant did not foreclose plaintiff from paying the initial premium necessary to receive continuation coverage. We disagree. Findings of fact by the trial court may not be set aside unless clearly erroneous. MCR 2.613(C); *Beason v Beason,* 435 Mich ´91, 805; 460 NW2d 207 (1990). A finding of fact is not clearly erroneous unless there is no evidence to support it or the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. *Tallman v Cheboygan Area Schools,* 183 Mich App 123, 126; 454 NW2d 171 (1990).

Whether defendant prevented plaintiff from paying the premium ultimately turned on the resolution of a credibility contest between defendant's representative, Paul Fisher, and plaintiff. Fisher testified that he informed plaintiff on several occasions that defendant would continue her group health coverage if she would send the premium payment. Although plaintiff vigorously disputed Fisher's testimony, she conceded that she never mailed a second check, although she knew that the first check had never been cashed. The court concluded that defendant had not prevented plaintiff from making the necessary payment. This Court affords great deference to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. MCR 2.613(C). The trial court's findings of fact were not clearly erroneous.

Affirmed.