## MITCHELL v DAHLBERG

Docket No. 176174. Submitted January 17, 1996, at Grand Rapids. Decided March 15, 1996, at 9:00 A.M.

Gary N. and Debra A. Mitchell brought an action in the Kent Circuit Court against Carl and Doris Dahlberg, alleging breach of contract, fraud, and misrepresentation in connection with the sale on land contract of a resort and laundromat by the defendants to the plaintiffs. The defendants counterclaimed for acceleration and forfeiture of the land contract. Venue was changed to the Leelanau Circuit Court, where the parties stipulated the dismissal of the plaintiffs' claims, but not the defendants' counterclaims. The plaintiffs' claims were arbitrated. The arbitrator found that the defendants' failure to .obtain a Department of Natural Resources permit for wastewater discharge from the laundromat into a lagoon and a permit for the resort campgrounds constituted misrepresentation, fraud, and breach of contract. The arbitrator awarded damages to the plaintiffs. The trial court, Thomas E. Power, J., confirmed the arbitration award in a judgment for the plaintiffs, denied cross-motions for summary disposition of the defendants' counterclaims, and, after a bench trial on the counterclaims, entered a judgment denying acceleration and foreclosure of the land contract. The court also ordered the plaintiffs to tender to the defendants all past-due land contract payments, allowed the plaintiffs to use the money awarded by the arbitrator as setoff against past-due land contract payments and monthly installments, and denied both parties' requests for attorney fees. The defendants appealed, and the plaintiffs cross appealed.

The Court of Appeals *held:*

1. The fact that the arbitrator requested the parties to brief the issue of innocent misrepresentation but made no reference to innocent misrepresentation in finding fraud and misrepresentation by the defendants does not mean that fraud and misrepresentation were not conclusively proved so as to prevent foreclosure. In finding fraud and misrepresentation, the

REFERENCES

Am Jur 2d, Fraud and Deceit §§ 220, 323, 324, 326. .
See ALR Index under Fraud and Deceit.

arbitrator necessarily found that the defendants' misrepresentation had not been innocent.

2. The voluntary dismissal with prejudice of the plaintiffs' complaint against the defendants does not, under res judicata, bar the plaintiffs from raising fraud as a defense to the defendants' counterclaim for foreclosure. The plaintiffs' fraud defense arises not from the dismissed action but from the arbitration proceeding, which is binding on the parties pursuant to their agreement to arbitrate disputes arising from their transaction.

3. The trial court did not err in denying the defendants' motion for summary disposition of their counterclaim for foreclosure in light of the material factual dispute concerning whether the land contract was so permeated with fraud as to make a grant of foreclosure inequitable.

4. The trial court did not err in refusing to enforce the acceleration clause in light of the existence of an honest dispute.

5. The trial court did not err in permitting the plaintiffs to retain possession of the property following their default. Foreclosure is an equitable action, and a court may use its equitable powers in fashioning an appropriate remedy.

6. The trial court did not err in allowing the plaintiffs to apply the arbitration award to past-due payments and to monthly payments as they become due instead of using the full arbitration award to reduce the land contract balance.

7. Contrary to the plaintiffs' contention, the relief fashioned by the trial court was not tantamount to foreclosure.

8. The trial court's award of interest on the land contract to the defendants was not inequitable. The plaintiffs abandoned their claim regarding the award of interest by failing to cite supporting authority on appeal. Moreover, the plaintiffs chose to seek damages for the defendants' wrongdoing instead of rescission of the land contract.

9. The trial court did not abuse its discretion in not awarding attorney fees to either party in light of its determination that neither party prevailed in full.

Affirmed.

1. EQUITY — FORFEITURES AND FORECLOSURES — FRAUD.

Michigan courts have the equitable power to preclude forfeiture or foreclosure against a party that has raised a valid claim of fraud.

2. VENDOR AND PURCHASER — LAND CONTRACTS — FORECLOSURES — EQUITY.

An action for foreclosure on a land contract is equitable in

nature; the court in a foreclosure action may use its equitable powers in fashioning a remedy that is appropriate to both parties, including allowing the purchaser to retain possession of the property following default when the purchaser alleges fraud by the vendor.

*Law, Weathers & Richardson, P.C.* (by *Anthony P. Gauthier*), for the plaintiffs.

*Law Offices of James R. Williams* (by *Darryl T. Johnson*), for the defendants.

Before: HOLBROOK, JR., P.J., and HOOD and BANDSTRA, JJ.

PER CURIAM. Defendants appeal as of right and plaintiffs cross appeal the trial court's decision denying defendants' claim for acceleration of the balance and foreclosure of the land contract between the parties. We affirm.

In 1991, plaintiffs purchased from defendants a resort and laundromat on land contract. The contract provided that plaintiffs would pay $80,000 in cash, with the remaining $145,000 of the purchase price to be paid at eleven percent interest in 120 monthly payments of $1,200 and a balloon payment due on August 1, 2001, for the remaining balance, which would greatly exceed $145,000.

The contract, which included an arbitration agreement, provided:

Seller hereby warrants that any and all licenses and certificates necessary to continue the operation of the Company as in the past shall be current and valid as of the closing and can be renewed at no expense to Buyer other than the normal license fees. Any expenses to bring the premises to the necessary standards shall be the sole responsibility of and shall be paid in full by Seller when due.

Also included in the contract was an indemnification agreement, through which defendants agreed to indemnify and hold plaintiffs harmless for all debts, claims, actions or causes of action, losses, damages, or attorney fees arising from defendants' past operation and ownership of the company.

Before closing, plaintiffs learned that the laundromat discharged wastewater into a lagoon located on the property, without a required permit from the Michigan Department of Natural Resources (DNR). Plaintiffs sought assurances from defendants that defendants would obtain the necessary permit, and defendants agreed to allow plaintiffs to reduce or skip payments if plaintiffs applied those funds to the costs of obtaining the permit or a substitute discharge system. After taking possession of the property, plaintiffs learned that there was no permit for the campground located on the premises. They also learned that defendants had made no application to the DNR for the laundromat discharge permit. Plaintiffs were advised by their attorney that they faced substantial fines if they continued to operate the laundromat without a permit to discharge wastewater into the lagoon. On this advice, not an order of the DNR, plaintiffs closed the laundromat.

According to plaintiffs, without the income from the laundromat they were unable to make the $1,200 monthly payments on the land contract. Plaintiffs ceased making the payments and notified defendants of their concern about the lagoon and that they would offset future land contract payments against the cost of remedial action. Plaintiff Debra Mitchell admitted, however, that they did not set money aside, but did spend money on lagoon tests.

Plaintiffs filed a complaint for, among other claims, breach of contract, fraud, and misrepresen-

tation in the Kent Circuit Court. After venue was transferred to Leelanau County, the parties stipulated a dismissal with prejudice of plaintiffs' claims, except that defendants were to proceed against plaintiffs with their claim for foreclosure. This stipulation provided that

> the dismissal of the Mitchells' claims against the Defendants in this case with prejudice shall not constitute a waiver of any defenses the Mitchells might assert against the Dahlbergs' counter-claim for foreclosure.

The parties also stipulated that the dismissal with prejudice would not constitute a bar to any claims brought in an arbitration proceeding.

Plaintiffs took their claims to arbitration, and the arbitrator ruled in favor of plaintiffs with regard to their claims of breach of contract with regard to the discharge and campground permits, fraud and misrepresentation, breach of the indemnity agreement, and breach of the agreement of defendants to obtain the necessary permit or discharge system for the laundromat. The arbitrator awarded plaintiffs $98,017.87, which included their attorney fees. The trial court entered judgment in favor of plaintiffs for the full amount of the arbitrator's award.

The parties each moved for summary disposition of defendants' foreclosure claim; plaintiffs asserted that the arbitrator's finding in their favor of the fraud and misrepresentation claim constituted a complete defense to defendants' foreclosure action. Plaintiffs conceded, however, that defendants had a breach of contract claim against them. Both motions were ultimately denied, and a bench trial was held. The trial court denied defendants' claims for acceleration of the land contract balance and

for immediate possession, ordered plaintiffs to tender to defendants all past-due land contract payments, and denied the parties' claims for attorney fees. The trial court's judgment provided that plaintiffs may offset both the past-due payments and the monthly installments against the arbitrator's award to them. These appeals followed.

Defendants first argue that in light of the arbitrator's request that the parties brief the issue of innocent misrepresentation, for purposes of the foreclosure action, fraud and misrepresentation are not conclusively proved so as to prevent foreclosure. We disagree. The arbitrator ruled in favor of plaintiffs with regard to their "fraud and misrepresentation" claim. Fraud and misrepresentation are similar and require proof that

> (1) defendants made a material representation; (2) it was false; (3) when defendants made it, defendants knew that it was false or made recklessly without knowledge of its truth or falsity; (4) defendants made it with the intent that plaintiffs would act upon it; (5) plaintiffs acted in reliance upon it; and (6) plaintiffs suffered damage. [*Arim v General Motors Corp,* 206 Mich App 178, 195; 520 NW2d 695 (1994).]

Innocent misrepresentation, on the other hand, is different in part in that the person making the innocent misrepresentation need not know that the representation was false. *United States Fidelity & Guaranty Co v Black,* 412 Mich 99, 118; 313 NW2d 77 (1981). It is clear that the arbitrator, by ruling in favor of plaintiffs with regard to their fraud and misrepresentation claims and making no reference whatsoever to innocent misrepresentation, necessarily found that defendants had acted fraudulently and therefore that there was no

innocent misrepresentation on the part of defendants.

Next, defendants challenge the trial court's denial of foreclosure on a number of grounds. First, defendants argue that plaintiffs are barred from raising the claim of fraud and misrepresentation as a defense to foreclosure because the parties stipulated the dismissal of those claims in the circuit court. We note that the stipulation to dismiss expressly provided that the dismissal of plaintiffs' claims "with prejudice shall not constitute a waiver of any defenses" plaintiffs might assert against defendants in their counterclaim for foreclosure. Plaintiffs' defense arises from the arbitrator's decision in their favor with regard to the fraud and misrepresentation claims. They seek to utilize the arbitrator's conclusive finding of fraud and misrepresentation as a defense to defendants' foreclosure claim. Although "[a] voluntary dismissal with prejudice is a final judgment on the merits for res judicata purposes," *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745, 748; 321 NW2d 798 (1982), the defense asserted by plaintiffs did not arise from the dismissed complaint, but from the arbitration. Therefore, the principle of res judicata is not applicable to bar the defense.

Michigan has permitted its courts to exercise their equitable powers to preclude forfeiture or foreclosure under unusual circumstances or where the party against whom the action has been brought has raised a valid fraud claim. See, e.g., *Senters v Ottawa Savings Bank, FSB,* 443 Mich 45, 56-57; 503 NW2d 639 (1993) (recognizing that fraud, accident, or mistake would permit a court to equitably intervene in an action for statutory foreclosure by advertisement); *Gordon Grossman Building Co v Elliott,* 382 Mich 596, 604; 171

NW2d 441 (1969) (fraudulent conduct may justify equitable intervention in an action for statutory redemption from foreclosure); *Horvath v Langel,* 276 Mich 381, 386; 267 NW 865 (1936) (foreclosure action precluded where note and mortgage induced by fraud).

Where the parties to an action have agreed in writing to submit any disputes to arbitration, the arbitration provision is binding. *Ehresman v Bultynck & Co, PC,* 203 Mich App 350, 353-354; 511 NW2d 724 (1994). Whether an arbitration agreement exists and whether it is enforceable are questions for the judiciary. *Huntington Woods v Ajax Paving Industries, Inc (After Remand),* 196 Mich App 71, 74-75; 492 NW2d 463 (1992). Here, the parties agreed to arbitration of all disputes arising out of the contract, "including the making thereof." Thus, the decision of the arbitrator is binding, and as a result, plaintiffs may use the arbitrator's finding of fraud and misrepresentation as a defense to defendants' action for foreclosure.

Defendants also argue that the trial court erred in denying their motion for summary disposition of the counterclaim for foreclosure because acceleration clauses are enforceable pursuant to *Dumas v Helm,* 15 Mich App 148, 151; 166 NW2d 306 (1968). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual basis of the claim. *Stehlik v Johnson (On Rehearing),* 206 Mich App 83, 85; 520 NW2d 633 (1994). Summary disposition is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Michaels v Amway Corp,* 206 Mich App 644, 649; 522 NW2d 703 (1994). Here, because there was a disputed material fact, that is, whether fraud and misrepresentation so permeated the land contract that it

would be inequitable to grant foreclosure, summary disposition was properly denied.

Next, defendants argue that the trial court erred in refusing to enforce the acceleration clause. We disagree. A court may decline to enforce an acceleration clause when an honest dispute exists. *Moore v Bunch,* 29 Mich App 498, 500-501; 185 NW2d 565 (1971). See also *State-William Partnership v Gale,* 169 Mich App 170, 174-177; 425 NW2d 756 (1988). In the instant case, there existed an honest dispute. Plaintiffs learned before closing of the lack of a permit for the wastewater discharge from the laundromat, and they received assurances regarding the permit from defendants. Plaintiffs ceased operating the laundromat after their attorney advised them that they potentially faced substantial daily penalties if they continued to discharge water into the lagoon without a proper permit. Because plaintiffs needed the profits from the laundromat to make their land contract installment payments, they were unable to make those payments when they closed the facility. Thus, plaintiffs defaulted as a result of defendants' fraud and misrepresentation, which were found conclusively proved by the arbitrator. The trial court's implicit finding that fraud permeated the contract was not clearly erroneous. MCR 2.613(C); *Townsend v Brown Corp,* 206 Mich App 257, 263; 521 NW2d 16 (1994).

Defendants also assert that the trial court's refusal to oust plaintiffs from possession was in error because the parties' contract expressly provided that plaintiffs could retain possession only if they were not in default. Defendants argue that the trial court, by allowing plaintiffs to remain in possession after their default, in effect reformed the contract. However, because foreclosure is an action that is equitable in nature, MCL 600.3180;

MSA 27A.3180, the trial court, because of its finding of fraud, was entitled to exercise its equitable powers to fashion a remedy appropriate for both sides of the dispute. Our review of equitable decisions is de novo and we review the findings of fact in support of the decision for clear error. *Webb v Smith (After Remand),* 204 Mich App 564, 568; 516 NW2d 124 (1994). Where there is fraud, or other unusual circumstances, equitable remedies may be appropriate to prevent foreclosure. See *Marble v Butler,* 249 Mich 276; 228 NW 677 (1930); *Rothenberg v Follman,* 19 Mich App 383; 172 NW2d 845 (1969). In light of the circumstances leading to plaintiffs' default, we find no error in the trial court's permitting plaintiffs to remain in possession.

Defendants continue by arguing that while a court has the discretion to relieve a defaulting land contract vendee from an unreasonable forfeiture, such power does not extend to actions for foreclosure. However, as indicated above, where there is fraud, equitable remedies in an action for foreclosure may be appropriate. *Marble, supra; Rothenberg, supra.* Because the trial court found that fraud existed and justified denying foreclosure, defendants' argument that the court erred by effectively giving plaintiffs seven years to redeem is without merit.

Defendants challenge the trial court's order that plaintiffs may first use a portion of the arbitration award to pay the past-due balance and then apply the remainder according to the monthly installment requirement. It is defendants' position that the trial court should have ordered the entire arbitration award applied to the land contract and ordered plaintiffs to pay the monthly land contract payments in cash.

While defendants concede that they have no

absolute right to receive the relief they request, they urge us to consider it to be the more appropriate resolution under principles of equity. However, we can find no error in the trial court's order. The court merely exercised its equitable power in fashioning a remedy for two parties who lacked sufficient cash to pay their respective obligations.

On cross appeal, plaintiffs argue that the court erred in granting relief that is tantamount to foreclosure because, in light of the arbitrator's finding of fraud and misrepresentation, defendants had unclean hands and therefore an equitable remedy was inappropriate. As an initial matter, we note first that plaintiffs chose not to rescind the contract, but instead sought and received damages in the amount of approximately $98,000. In light of this, the trial court, as discussed above, fashioned an equitable remedy to defendants' action for foreclosure and precluded foreclosure. We do not view the trial court's remedy as one tantamount to foreclosure.

Plaintiffs next argue that because their default was caused by defendants' fraud, the trial court's award to defendants of interest on the land contract was inequitable and should be reversed. We disagree. First, plaintiffs have failed to support their argument with legal authority and we may deem this argument abandoned on appeal. *Vugterveen Systems, Inc v Olde Millpond Corp,* 210 Mich App 34, 46-47; 533 NW2d 320 (1995). Moreover, in that plaintiffs chose to seek damages for defendants' wrongdoing, rather than to rescind the land contract, we decline to find the trial court's decision inequitable.

According to plaintiffs, foreclosure should have been denied by the trial court on the basis that defendants failed to perform agreements or promises that were part of the land contract. This

argument has no merit because, as discussed above, the trial court denied defendants' claim for foreclosure.

Finally, plaintiffs argue that the trial court erred in refusing to award them attorney fees as a prevailing party. The parties' land contract provided:

> In any action to enforce any rights under this Purchase Contract, the prevailing party may recover all costs and expenses incurred in connection with the action, including reasonable attorney fees.

According to plaintiffs, because they prevailed on their counterclaim for judgment on the arbitration award and defendants were denied their claims for foreclosure and acceleration of the land contract balance, plaintiffs should have received attorney fees as the prevailing party. The trial court determined, however, that neither party prevailed in full and therefore neither was entitled to attorney fees. Whether to award attorney fees is within the trial court's discretion, and we will not find an abuse of that discretion unless the "result so violates fact and logic that it constitutes perversity of will, defiance of judgment or the exercise of passion or bias." *Wojas v Rosati,* 182 Mich App 477, 480; 452 NW2d 864 (1990). It is clear that neither party prevailed in full. Plaintiffs have been ordered to pay interest on their unpaid payments, and therefore did not prevail on that issue. We therefore find that the trial court's decision denying plaintiffs' request for attorney fees was not an abuse of discretion.

The trial court in this case, when called upon to do equity, did exactly that, and we find no error in its equitable resolution of this dispute.

Affirmed.