# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM JOHN CHICHESTER,

Plaintiff/Counter Defendant-
Appellee,

v

INEKE C. CHICHESTER, formerly known as
CLASINA INEKE CHICHESTER

Defendant/Counter Plaintiff-
Appellant.

UNPUBLISHED
August 8, 2017

No. 333379
Grand Traverse Circuit Court
LC No. 2015-030875-DO

Before: CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Defendant/counter-plaintiff, Ineke Chichester, appeals by right the trial court's order denying her request for attorney fees and costs pursuant to the parties' consent judgment of divorce. We affirm.

The sole issue on appeal is whether the trial court erred in denying Ineke's motion for attorney fees under the terms of the parties' consent judgment of divorce.[1] A trial court's decision to deny attorney fees requested on the basis of a contractual provision is reviewed for an abuse of discretion. *Mitchell v Dahlberg*, 215 Mich App 718, 729; 547 NW2d 74 (1996).

The consent judgment provided for the imposition of attorney fees and costs on a non-defaulting party under specific circumstances:

---

[1] Ineke argued in her brief on appeal two issues involving a 401(k) account belonging to plaintiff/counter-defendant, William Chichester, which was transferred to Ineke as part of the parties' property settlement agreement. We ruled that those issues exceeded the scope of this appeal, *Chichester v Chichester*, unpublished order of the Court of Appeals, entered August 22, 2016 (Docket No. 333379), and subsequently denied Ineke's delayed application for leave to appeal the issues "for lack of merit in the grounds presented," *Chichester v Chichester*, unpublished order of the Court of Appeals, entered January 18, 2017 (Docket No. 334672). Therefore, the only issue before us is the trial court's denial of attorney fees and costs.

[T]he parties shall perform their respective executory obligations as specified in this Consent Judgment of Divorce and their Property Settlement Agreement, with due diligence, in a timely fashion, and in good faith. *In the event that either party wrongfully fails to fulfill such obligations as imposed by this Consent Judgment of Divorce or the Property Settlement Agreement, thus necessitating the institution of judicial enforcement proceedings, then the party who is determined by the presiding judge to be in default, shall then pay the court costs and reasonable attorneys fees actually incurred by the non-defaulting party* in such post-judgment enforcement proceedings, subject to the presiding judge's right to reduce such claim for fees and costs in the event the fees and costs are incurred disproportionately large compared to the materiality of the default and the relief that is eventually afforded to the prevailing party. [Emphasis added.]

Further, the property settlement agreement, which was incorporated into the consent judgment of divorce, also included two provisions relevant to the imposition of attorney fees and costs:

If either party wrongfully fails to fulfill such obligations as are imposed by this Agreement, or by their Consent Judgment of Divorce, thus necessitating the institution of enforcement proceedings, then the party who is in default of this Agreement, or of their Consent Judgment of Divorce, as determined by the Grand Traverse County Circuit Court, or any other presiding Court, shall pay the court costs and reasonably attorney fees that are incurred by the non-defaulting party in such enforcement proceedings.

* * *

HUSBAND and WIFE further agree that any breach of this Agreement by either shall entitle the other to monetary damages and the recovery of actual costs and actual, reasonable attorneys' fees.

Although Ineke raised a number of issues in her motion to enforce the judgment of divorce, and although she obtained some of the relief she requested after she filed the motion, the above contractual provisions do not provide for the award of attorney fees and costs in the event that a motion for enforcement is filed and some relief is obtained. Instead, the provision in the consent judgment requires the party "determined by the presiding judge to be in default" to pay attorney fees and costs to the non-defaulting party. Here, the trial judge did not determine that plaintiff/counter-defendant, William Chichester, was in default of the consent judgment, so attorney fees and costs are not mandated under that provision. Further, the first attorney-fee provision in the property settlement agreement provides that the presiding judge must make a determination that a party is in default of the agreement before the non-defaulting party may recover attorney fees and costs. Again, there was no determination that William was in default. Finally, the second attorney-fee provision in the property settlement agreement provides that a *breach* of the agreement entitles the non-breaching party to recover attorney fees and costs. Although that provision does not require the presiding judge to make a determination that a party breached the agreement, it still requires a breach. In this case, the trial court's ruling made plain that William was complying with the terms of the property settlement agreement and the consent judgment of divorce. In other words, there was no breach of the agreement. Accordingly, none

of the provisions providing for the imposition of attorney fees and costs are applicable under the facts of this case. The trial court, therefore, did not abuse its discretion by denying Ineke's motion for attorney fees.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Michael J. Kelly